**Winston John REID, et ux., Appellants,**

v.

**BEST WASTE SYSTEMS,
INC., Appellee.**

**No. B14–89–01106–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1990.

Rehearing Denied Dec. 20, 1990.

Alton C. Todd, Alvin, for appellants.

Reagan M. Brown, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

ROBERTSON, Justice.

This appeal is from a take nothing judgment rendered on jury findings. In three points of error appellants contend the trial court erred in giving a jury instruction on sole proximate cause. We affirm.

Appellant (Winston Reid) and Robert Drenth (president of Best Waste) were involved in a one-truck accident as Drenth was driving a Best Waste truck and Reid was a passenger. Reid, a next door neighbor to the Best Waste facility, desired limestone for his private road. Drenth agreed to provide two Best Waste trucks to haul the limestone, without charge, from a facility operated by Gulf Coast Limestone. Prior to departing, Drenth offered to let Reid, who was at one time a professional truck driver, drive the truck but Reid declined. At Gulf Coast's facility, Reid selected the desired limestone and an employee of Gulf Coast loaded it. The front end loader used was incapable of depositing the limestone into the truck because of the height of the truck's sidewalls. While the evidence showed there was another piece of equipment which had the necessary height capability, the driver of the loader built a ramp onto which he could drive the machine and thereby deposit the limestone into the truck bed. The resulting problem, however, was that the bucket on the loader could not reach the center of the truck bed and the bulk of the limestone was therefore loaded on only one side of the truck. Returning with the load of limestone, the truck overturned when making a right hand turn and Reid was injured.

The Reids filed suit against both Gulf Coast and Best Waste. The jury found for the defendants, but the trial court granted plaintiffs' motion for new trial. Gulf Coast settled with the Reids and trial resumed against Best Waste only. Following the close of evidence, Best Waste elected to take a credit for Gulf Coast's settlement.

The trial court submitted four questions to the jury. The first question inquired whether the negligence of Best Waste or Winston Reid proximately caused the occurrence in question. The jury answered "No" as to each. Questions 2, 3 and 4, inquiring as to percentage of causation, damages to Reid and damages to Mrs. Reid, respectively, were all conditioned upon an affirmative answer to the first question and therefore were not answered by the jury. On proximate cause, the trial court, over appellant's objection, instructed the jury:

"PROXIMATE CAUSE" means that cause which in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

In oral argument, the parties agreed that the jury was not made aware of the settlement by Gulf Coast Limestone or that Best Waste had elected to take a credit. Second, it is noted that from the filing of it's Original Answer through all the later pleadings, Best Waste had pled that the conduct of Gulf Coast was the sole proximate cause of the accident. Finally, we note that when questioned before the jury, Reid, a professional truck driver for approximately eleven years, could not testify that Drenth was driving too fast, that he failed to properly apply his brakes, that he failed to keep a proper lookout, that he made an improper turn or that he failed to control his truck.

■ Appellants first contend the giving of the sole proximate cause instruction was in error because it impermissibly allowed

Best Waste to both take a credit in the amount paid by the settling party, and submit the settling party's fault contrary to the provisions of TEX.CIV.PRAC. & REM.CODE ANN. §§ 33.014 and 33.015 (Vernon 1986)[1].

Section 33.014, prior to amendment, provided:

If the existence and amount of an alleged joint tort-feasor's negligence are not submitted to the jury because the tort-feasor has paid an amount in settlement to a claimant and was not joined as a party defendant or having been joined, was dismissed or nonsuited after settling, each defendant is entitled to deduct from the amount for which he is liable to the claimant a percentage of the amount of the settlement based on the ratio of the defendant's negligence to the total negligence of all defendants.

Section 33.015, prior to amendment, provided:

If an alleged joint tort-feasor settles with a claimant but is joined as a party defendant when the case is submitted to the jury so that the existence and amount of his negligence are submitted to the jury and his percentage of negligence is found by the jury, the settlement is a complete release of the portion of the judgment attributable to him.

■ There is no question that Best Waste, as a non-settling defendant, had to make its election prior to jury submission whether to take its credit or submit the negligence of Gulf Coast to the jury for a percentage determination. *McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal,* 627 S.W.2d 480 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). Best Waste chose to take the credit. Appellants contend that giving the sole cause instruction was the same as submitting the negligence of Gulf Coast for a percentage determination. We do not agree—at least on the record of this case.

■ Sole proximate cause is an inferential rebuttal issue. An inferential rebuttal issue disproves "by establishing the truth of a positive factual theory which is inconsistent with the existence of some factual element of the ground of recovery ... relied upon by the opponent," and its "basic characteristic ... is that it presents a contrary or inconsistent theory from the claim relied upon for recovery." *Select Ins. Co. v. Boucher,* 561 S.W.2d 474 (Tex.1978). An inferential rebuttal issue is not to be submitted as a question in the jury charge. TEX.R.CIV.P. 277. However, inferential rebuttal defenses, when raised by the pleadings and the evidence, *must* be treated somewhere and the supreme court has unmistakably indicated that the proper location is in the instructions. *Lemos v. Montez,* 680 S.W.2d 798 (Tex.1984); *Ahlschlager v. Remington Arms Co., Inc.,* 750 S.W.2d 832 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

The sole cause instruction in this case was a correct statement of the law, and, as we said in *Ahlschlager,* at 835:

... it is well settled that each party is entitled to an affirmative submission of all of his theories which have support in the evidence. The defendant has no less right than the plaintiff to have the jury properly instructed on his theories. (cites omitted)

Undoubtedly, the pleadings and the evidence supported the instruction on sole proximate cause because Best Waste implicated the conduct of a third party as being the sole cause of the accident and appellant could not point to any act of Drenth (the driver of the Best Waste truck) as negligence and the proximate cause of the accident. We find nothing in Section 33.014 and 33.015 which, upon the facts presented by this record, prohibit the giving of a sole cause instruction.

Whether the trial judge errs in giving an inferential rebuttal instruction is to be determined by the abuse of discretion standard. *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227 (Tex.App.—Houston [1st Dist.] 1983, no writ); *McCane Sondock Detective Agcy. v. Penland Dist., Inc.,* 523 S.W.2d 62 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). We cannot say that

---

1. Although amendments to these sections became effective September 3, 1987, there is no dispute that the amendments do not govern this case.

the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985). There being no abuse of discretion, appellants' first two points of error are overruled.

In their third point of error appellants contend the inclusion of the sole cause instruction was surplusage and immaterial and a served as a comment on the weight of the evidence. In support of their argument, appellants rely upon *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex.1984) and *First Int'l Bank in San Antonio v. Roper Corp.*, 686 S.W.2d 602 (Tex.1985). Both cases were strict liability cases tried prior to *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984). In *Ahlschlager* we went to great length to distinguish both *Acord* and *Roper* and found the giving of a sole cause instruction there to be appropriate. We need not repeat our reasoning here. Since neither the sole proximate cause instruction nor the court's charge as a whole informed the jury that a third party had settled with the plaintiff or that the named defendant had elected to take a credit, the instruction could not have been an impermissible comment on the weight of the evidence. We, therefore, overrule appellant's third point of error.

The judgment of the trial court is affirmed.