**Kenneth L. RANKIN, Appellant,**

**v.**

**ATWOOD VACUUM MACHINE COMPANY, Appellee.**

**No. C14–90–01074–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 14, 1992.

Rehearing Denied June 11, 1992.

Roger A. Rider, Susan E. Brownlee, Houston, for appellant.

B. Stephen Rice, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Kenneth L. Rankin appeals from a take nothing judgment rendered in his products liability suit. Rankin raises seven points of error, challenging the trial court's submission of instructions regarding sole proximate cause and negligence per se, exclusion of testimony, and failure to grant a new trial based on newly discovered evidence. We affirm.

On the date of the accident forming the basis of the suit, Rankin and a co-worker, Russell Dougherty, were to retrieve a Coca Cola trailer. Either Rankin or Dougherty attached the trailer to the truck by use of a coupler manufactured by appellee. Both Dougherty and Rankin testified that the trailer was latched securely. The two then proceeded onto the freeway. While driving, the trailer uncoupled from the truck and veered to the outside shoulder of the freeway, hit a vehicle, and then veered back into traffic. Dougherty parked the truck three or four feet behind the trailer and turned on his emergency flashers. Unable to reattach the trailer, Dougherty and Rankin began directing oncoming cars around the disabled trailer. The trailer had come to a stop in a valley between two overpasses, leaving oncoming drivers approximately 150 yards after cresting the overpass to see the disabled vehicles and change lanes.

While directing traffic, Rankin and Dougherty heard a passing motorist yell "flare" and saw him throw something. Rankin kneeled between the trailer and the truck to look for the flare. Dougherty was continuing to direct traffic when a vehicle driven by Bill McCoy approached at a high rate of speed. Dougherty jumped out of the way before McCoy's vehicle crashed into the rear of the truck. Rankin, however, was crushed between the truck and the trailer.

Rankin filed suit against appellee and Demco Trailer Company, not a party to this appeal, alleging strict liability for defective design, negligent design, failure to warn, breach of warranty under the Texas DTPA. The jury found no design or marketing defect in the coupler that was a producing cause of Rankin's injuries. The jury found no negligence by appellee, Demco, or Rankin, but found Rankin responsible for 100% of the injury. The jury further found no breach of warranty or violation of the DTPA.

In points of error one and two, Rankin claims the trial court erred by including a sole cause instruction in its definitions of producing and proximate cause because there was no evidence to support it. The trial court included the following instructions:

"Producing cause" means an efficient, exciting or contributing cause that, in a natural sequence, produced the occurrence. There may be more than one cause of an occurrence, but if an act or omission of any person not a party to the suit was the sole cause of the occurrence then no act, omission or product of any party to the suit could have been a cause of the occurrence.

. . . .

"Proximate cause" means that cause which, in a natural continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

■ Each party is entitled to submission of all of his theories if they have support in the evidence. *Ahlschlager v. Remington Arms Co., Inc.,* 750 S.W.2d

832, 835 (Tex.App.—Houston [14th Dist.] 1988, writ denied). In its answer, appellee alleged as an affirmative defense that the accident proximately resulted solely from the negligence of Rankin, McCoy, or Rankin's employer. Sole proximate cause is an inferential rebuttal issue, which means that it is a defense presenting a contrary or inconsistent theory from the claim relied upon for recovery. *Reid v. Best Waste Systems, Inc.,* 800 S.W.2d 644, 646 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Although inferential rebuttal defenses may not be submitted as questions for the jury, they may be included in the instructions. *Id.*

■ The trial court has discretion to submit necessary and proper instructions. TEX.R.CIV.P. 277; *Green Tree Acceptance, Inc. v. Combs,* 745 S.W.2d 87, 89 (Tex. App.—San Antonio 1988, writ denied). We may find no abuse of discretion unless appellant shows that the instruction caused or probably caused rendition of an improper verdict. TEX.R.APP.P. 81(b)(1).

■ We find that the evidence did support submission of the instructions on sole cause. The doctrine of sole cause applies to the conduct of others not a party to the suit. Thus, in this case, the sole cause instruction could only relate to the conduct of McCoy or Rankin's employer, Coca Cola. As to McCoy, the evidence showed that the impact resulting in injury to Rankin was caused by McCoy. The evidence also showed that Coca Cola used the wrong size coupler to pull the trailer, removed the brakes from the trailer, and failed to put flares or flags in the truck for use when the vehicle was disabled on a roadway. Other evidence implicated Rankin's coworker, Dougherty. Rankin testified that Dougherty latched the trailer and Dougherty testified that Rankin latched it. Because we find evidence supporting the submission of a sole cause instruction in the definitions of producing and proximate cause, we overrule points of error one and two.

In points of error three through five, appellant claims the trial court erred in submitting instructions of negligence per

se regarding trailer brakes and the use of red flags, fuses, lights or reflectors because appellee is not within the class of persons protected by the statute. At appellee's request and over appellant's objection, the trial court submitted the following three instructions regarding negligence per se:

> Every trailer, semitrailer and pole trailer with a gross weight in excess of three thousand (3,000) pounds, shall be equipped with brakes acting on all wheels and of such character as to be applied automatically and promptly, and remain applied for at least fifteen (15) minutes, upon breakaway from the towing vehicle. A failure to comply with this law is negligence in itself.

> When any truck, bus, truck tractor, trailer, semitrailer or pole trailer eighty (80) inches or more in overall width or thirty (30) feet or more in overall length, is disabled or stopped for more than ten (10) minutes upon the roadway of a divided highway, the driver of the vehicle shall display two (2) red flags; one (1) flag shall be placed approximately one hundred (100) feet and one (1) flag approximately two hundred (200) feet to the rear of the vehicle in the center of the lane occupied by such vehicle. A failure to comply with this law is negligence in itself.

> When any truck, bus, truck tractor, trailer, semitrailer or pole trailer eighty (80) inches or more in overall width or thirty (30) feet or more in overall length is disabled or stopped for more than ten (10) minutes within five hundred (500) feet of a curve, hillcrest or other obstruction to view, a lighted fusee, a lighted red electric lantern or a portable red emergency reflector shall be so placed as to afford ample warning to other users of the highway, but in no case less than one hundred (100) feet nor more than five hundred (500) feet from the disabled vehicle. A failure to comply with this law is negligence in itself.

■ The unexcused violation of a penal statute constitutes negligence as a matter of law if such statute was designed to prevent injuries to a class of persons to which the injured party belongs. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982). The instructions submitted related to alleged violations of Tex.Rev.Civ. Stat.Ann. art. 6701d, §§ 132, 137, 138 (Vernon 1977) by Coca Cola, Dougherty, and Rankin.

Appellant contends that the statute was intended to protect persons traveling on Texas roads. Thus, appellant asserts that appellee was not within the class of persons protected by the statute and the trial court abused its discretion in submitting these instructions. Citing *State Highway Dept. v. Pinner*, 531 S.W.2d 851 (Tex.Civ. App.—Beaumont 1975, no writ), appellee responds that a person not within the class protected by the statute may assert affirmative defenses based on violations of art. 6701d.

■ Even if we were to find the submission of these instructions error, any such error would not be reversible because there is no proof that the submission of these instructions caused or probably caused rendition of an *improper verdict.* The jury issue regarding negligence asked the jury whether the negligence of appellant, appellee, or Demco Trailer proximately caused the occurrence. The jury answered "no" as to each of these parties. Finding no reversible error in the submission of these instructions, we overrule points three through five.

■ In point of error six, appellant claims the trial court erred in excluding the testimony of Bill McCoy as a sanction for appellant's failure to designate McCoy as a witness in its answers to appellee's interrogatories. Rule 166b provides for discovery of potential witnesses. Tex.R.Civ.P. 166b(2)(d). A party who has been served with a discovery request is under a duty to supplement the response if he later determines the response was incorrect or incomplete when made. Tex.R.Civ.P. 166b(6)(a). This supplemental response must be made not less than thirty days before trial unless the trial court finds good cause for later supplementation. Tex.R.Civ.P. 166b(6). The sanction for noncompliance with this

rule is the automatic exclusion of the unidentified witness' testimony, unless there is good cause to excuse imposition of this sanction. Tex.R.Civ.P. 215(5); *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 914–15 (1992) (op. on reh'g); *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex. 1990). The trial court has discretion to determine whether the offering party has met its burden of showing good cause to admit the testimony. *Alvarado*, 830 S.W.2d at 914–15.

■ Appellee served appellant with interrogatories asking for identification of potential witnesses or persons with knowledge of relevant facts. Appellant did not include McCoy in its answer to this interrogatory and did not supplement those answers to include McCoy. When appellant attempted to offer the deposition of Bill McCoy, appellee objected on the ground that appellant had not designated McCoy as a potential witness. Although appellant admitted he had not listed McCoy, appellant claimed there was good cause to allow the testimony because there was notice that McCoy was a person with knowledge of relevant facts since appellees had deposed McCoy and indicated they intended to use his testimony at trial. Furthermore, appellant argued that Rule 207 allows any party to use deposition testimony regardless of who took the deposition. Thus, appellant claimed Rule 207, rather than Rule 215(5), should control.

We disagree with appellant's argument. Even if a witness has been fully deposed, and only his deposition testimony will be offered at trial, this is not enough to establish good cause for admitting the testimony where the witness was not identified in response to discovery. *Alvarado*, 830 S.W.2d at 914–15 (citing *Sharp*, 784 S.W.2d at 671). We find no error in the trial court's refusal to admit McCoy's testimony. We overrule point of error six.

■ In point of error seven, appellant claims the trial court erred in failing to grant a new trial based upon newly discovered evidence. A trial court properly grants a motion for new trial on the basis of newly discovered evidence where the movant shows: (1) the evidence came to his knowledge after the trial; (2) the failure to discover this evidence sooner was not caused by lack of due diligence; (3) the evidence is not cumulative; and (4) the evidence is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). The decision whether to grant a new trial is within the sound discretion of the trial court and we must uphold this decision absent a showing of abuse of discretion. *Id.*

■ Appellee contends appellant failed to satisfy any of the required elements for a new trial based on newly discovered evidence. First, appellee notes that appellant learned of the evidence during, not after, the trial. This evidence consists of a report prepared by John Abromavage which critiques the depositions of two witnesses in another case involving appellee and presents an inspection and critique of the design of an Atwood coupler. Appellant argues, however, that he did not receive this report until after it could be used effectively at trial. Appellant further charges appellee with abuse of the discovery process, claiming that appellee intentionally delayed supplementing answers to interrogatories that would have enabled appellant to discover this report.

The transcript shows that appellant served appellee with its first set of interrogatories in December 1985. Appellant responded to these interrogatories in April 1986. In these interrogatories, appellant asked for the style, cause number, and court for each lawsuit filed against appellee to date involving the same trailer hitch coupler involved in the accident forming the bases of this suit. Appellee responded that it would supplement its answer to this interrogatory "upon discovering the identity of the coupler made the basis of the lawsuit." In April 1990, appellee supplemented this answer as follows:

ANSWER:

1) Elaine Bondsteel vs. Trailer Craft and Atwood Industries, Inc., Third Judicial District at Palmer, Alaska, Cause No. 3PA–89–286 Civil;

2) Kay Wooten vs. Big Boy, Inc. Trail–R–Craft, Inc. Atwood Vacuum Machine Company; Circuit Court of Newton County, Missouri Division 2; Cause No. CV1850235CC;

3) Brey; Salt Lake City, Utah; No other information known;

4) Donte; California; No other information known;

5) Brenda Carper; No other information known;

6) Lakely; No other information known.

In the depositions of Jerry Bonacorsi and Steven Koerner, employees of appellee, appellant's counsel inquired about other cases involving the Model 80050 coupler. These witnesses testified that all records regarding litigation were destroyed once the case was resolved. Documents included as exhibits to appellant's motion for new trial indicate that the Brey case and the Carper case were not concluded at the time appellant served its interrogatories on appellee. Thus, appellant argues that these files existed when appellant first requested information, but that they were apparently later destroyed pursuant to appellee's policy and were not produced to appellant. By letter dated June 1, 1990, counsel for appellee advised counsel for appellant of a case in San Diego County Superior Court involving a party named Dante, and that the Lakely case mentioned in appellee's supplemental response was actually styled Cox v. Mark Twain Marine, filed in Jackson County Missouri.

Although appellant's counsel learned of the Brey case in April, he did not contact the attorney representing the plaintiffs in that case until two months later, well after trial had begun. The trial began on June 6, 1990. In his affidavit, the attorney who represented the Brey plaintiffs stated that appellant's counsel first contacted him on June 12, 1990 and requested information. This attorney further stated that he telecopied the Abromavage report to appellant's counsel on June 14, 1990. The statement of facts indicates that appellant's counsel attempted to offer this report for admission into evidence and to use it in cross-examination. The trial court refused to

admit this exhibit into evidence and it was made part of appellant's bill of exception. The affidavit of appellant's counsel, which was attached to appellant's motion for new trial, includes the statement that appellant's counsel received a "garbled copy" of a report prepared by John Abromavage on June 14, 1990, and that he received a complete copy of this report on June 18, 1990.

We agree with appellee that appellant has failed to meet the first required element for a new trial based on newly discovered evidence. Appellant discovered the new evidence during trial and attempted to use it in cross-examination. Thus, appellant fails to show an abuse of discretion by the trial court in refusing to grant the motion for new trial. *See Southwest Inns, Ltd. v. General Elec. Co.*, 744 S.W.2d 258, 265 (Tex.App.—Houston [14th Dist.] 1987, writ denied). We overrule point of error seven.

We affirm the trial court's judgment.