Mary Ann FITZSIMMONS, Appellant,

v.

BRAKE CHECK, INC., Appellee.

No. B14–91–01046–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 25, 1992.

John C. Werner, John R. Werner, Houston, for appellant.

Stephen M. Schlacks, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is a personal injury case. Appellant, Mary Ann Fitzsimmons, appeals from a take-nothing judgment entered in favor of appellee, Brake Check, Inc. (Brake

Check). Appellant raises three points of error attacking the sufficiency of the evidence. We affirm.

On August 18, 1988, appellant suffered personal injuries when her automobile was struck from behind by an "eighteen wheeler" during rush-hour traffic on the East–Tex Freeway in Houston. Appellant's vehicle and several other vehicles were forced to make an emergency stop to avoid a wheel that came flying off another vehicle further up the freeway. The wheel had been removed and mounted before the incident by Brake Check at one of its area locations. All of the other vehicles safely stopped without any collision. Appellant filed suit claiming that Brake Check's negligence proximately caused the collision and her resulting injuries. The driver of the eighteen wheeler was not made a party to the suit. Trial was before the court which entered a take-nothing judgment against appellant. The trial judge made findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

### I.

On or about August 18, 1988, Plaintiff, Mary Ann Fitzsimmons was the driver of a vehicle that was rear-ended by another vehicle operated by a third-party not under the control of Defendant, Brake Check, Inc. and not a party to this lawsuit.

### II.

That immediately before the collision Plaintiff was in the process of bringing her vehicle to a sudden stop because traffic in front of her was stopping.

### III.

That the stopping of traffic was caused by a disabled vehicle in front of Plaintiff on the East–Tex Freeway that had lost a wheel.

### IV.

The traffic started stopping when the wheel came off of the disabled vehicle and flew up into the air and became visible to the following motorist[s].

### V.

That the Defendant, Brake Check, Inc. had removed the wheel to do some brake work the day of the accident.

### VI.

The sole proximate cause of the accident made the basis of Plaintiff's lawsuit was the negligence of the third-party driver not under the control of Defendant, Brake Check, Inc., and not a party to this lawsuit who had run into the back of Plaintiff after she had applied her brakes in an effort to avoid a collision with the disabled vehicle.

## CONCLUSIONS OF LAW

### I

Plaintiff, Mary Ann Fitzsimmons shall take nothing by way of this suit.

### II

Plaintiff, Mary Ann Fitzsimmons shall pay all costs of court.

In her first and second points of error, appellant attacks the legal and factual sufficiency of the evidence supporting the trial court's finding that the truck driver's negligence was the sole proximate cause of the collision.

 Initially, we note that "sole proximate cause" is an inferential rebuttal issue that is not to be submitted as a question in the jury charge. *Reid v. Best Waste Sys., Inc.*, 800 S.W.2d 644, 646 (Tex.App.—Houston [14th Dist.] 1990, writ denied); Tex. R.Civ.P. 277. It may, however, be raised as a defense and submitted as an instruction in the charge when supported by the pleadings and evidence. *Id.* Here, the defense of sole proximate cause was supported by the pleadings and evidence and properly before the trial judge. However,

because sole proximate cause is not an ultimate issue in our comparative negligence jurisprudence, it is improper for the trial judge, as it is for a jury, to make an ultimate finding regarding sole proximate cause. In any event, appellant does not complain that the trial judge improperly made an ultimate finding on an inferential rebuttal issue. Rather, she complains only that the evidence is insufficient to support the finding. TEX.R.APP.P. 52(a).

■ In a nonjury case the trial court's findings of fact and conclusions of law have the same force and dignity as does a jury verdict on special issues. *Buzbee v. Castlewood Civic Club*, 737 S.W.2d 366, 368 (Tex.App.—Houston [14th Dist.] 1987, no writ). Findings of fact are reviewable for legal and factual sufficiency of the evidence supporting them and conclusions of law are reviewable when attacked as a matter of law, but not on grounds of factual sufficiency. *Id.; Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (citing *First Nat'l Bank v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.App.—Tyler 1979, writ ref'd n.r.e.)).

■ When both legal and factual sufficiency points are raised we must first examine the legal sufficiency. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 410 (Tex.1981). In reviewing a "no evidence" point, we are to consider only the evidence and inferences that tend to support the trial court's findings and disregard all evidence and inferences to the contrary. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988). If there is any evidence of probative value to support the trial court's findings, we must uphold the findings and overrule the point of error. *In re King's Estate* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). If the findings are supported by legally sufficient evidence, we must then weigh and consider all the evidence, both in support of, and contrary to, the challenged findings. *Id.* The trial court's findings must be upheld unless they are so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Pool v. Ford Motor*

*Co.*, 715 S.W.2d 629, 635 (Tex.1986). We may not substitute our judgment for that of the trial court simply because we may disagree with the trial court's findings. *Forscan Corp. v. Dresser Indus.*, 789 S.W.2d 389, 394 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

■ The trial court's finding that the truck driver's negligence was the sole proximate cause of the collision is justified as a matter of law by this Court's holding in *Priest v. Myers*, 598 S.W.2d 359 (Tex. App.—Houston [14th Dist.] 1980, no writ). In *Priest*, the plaintiffs' automobile was struck from the rear by an automobile driven by the defendant as he attempted to change lanes during the height of rush-hour traffic on Loop 610 in Houston as it approached southbound toward the Highway 59 overpass. *Id.* at 360–61. This Court recognized that the question of proximate cause is generally a question of fact but may be a question of law where the evidence is without material dispute and where only one reasonable inference may be drawn therefrom. *Id.* at 362. We held that the failure of the defendant to maintain an assured clear distance between his car and the plaintiffs' car was as a matter of law a proximate cause of the collision. *Id.*

Here, as in *Priest*, the undisputed evidence is that the other vehicles in front and to the side of appellant's vehicle safely stopped without any collision. *Id.* There is no testimony from the truck driver that attempts to excuse his failure to avoid the collision. The only reasonable inference that can be drawn from the undisputed evidence is that the truck driver's failure to maintain an assured clear distance was the proximate cause of the collision. *Id.*; See TEX.REV.CIV.STAT.ANN. art. 6701d § 61 (Vernon 1977). In *Priest*, we observed that:

> ... any reasonably prudent person should have foreseen that in late afternoon, rush-hour, going-home traffic on a crowded freeway in Houston, traffic ahead for some reason might have to make a sudden or quicker than normal stop and that, under those circumstances, a collision would occur if he did

not exercise ordinary care to maintain a safe distance between his car and the one just ahead.

598 S.W.2d at 362.

■ Even if we were not to uphold the trial court's finding of sole proximate cause as a matter of law, we would hold that the finding is supported by sufficient evidence. *Id.* Appellant testified that she was driving home from work during rush-hour traffic that was proceeding "smoothly at 50 m.p.h." She suddenly noticed "a tire up in the air on the opposite side of the freeway and traveling in the opposite direction." The cars in front and to the side of her car began braking. Those cars were not involved in any collision. Appellant testified that she noticed the eighteen wheeler "on her bumper" as she applied her brakes. This contradicts her earlier deposition testimony that she noticed the eighteen wheeler on her bumper some time before the accident. The trial judge as trier of fact is the sole arbiter of the credibility of witnesses and the weight to be given their testimony. *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). We find sufficient evidence to support the trial court's finding. We overrule appellant's first and second points of error.

■ In her third point of error, appellant contends that the trial court erred in failing to find that Brake Check's negligence was a proximate cause of the accident as a matter of law. In reviewing "a matter of law" challenge, an appellate court must first examine the record for evidence that supports the adverse finding, ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If there is no evidence to support the adverse finding, the court then must examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.*

■ Appellant contends that Brake Check was negligent and that such negligence was a proximate cause of the collision. The only testimony regarding Brake Check's negligence is the investigating police officer's opinion to that effect. The officer's opinion is based on his investigation which consisted entirely of what others told him at the scene as well as the Brake Check work order given to him by the driver of the disabled vehicle. This is no evidence that Brake Check improperly mounted the wheel on the disabled vehicle. Moreover, as previously noted, the evidence establishes that the sole proximate cause of the collision was the truck driver's negligence. We overrule appellant's third point of error and affirm the judgment of the trial court.