# NO. 12-06-00416-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | |
|---|---|
| *ROSA MARIA MORALES, INDIVIDUALLY §*<br>*AND AS NEXT FRIEND OF B.M., V.M.*<br>*AND V.M., MINOR CHILDREN,*<br>*APPELLANT* | *APPEAL FROM THE THIRD* |
| *V.* §| *JUDICIAL DISTRICT COURT OF* |
| *JAMES WILLIAM DOUGHERTY AND*<br>*LARRY MABE, INDIVIDUALLY AND*<br>*d/b/a TOP GUN TRANSPORT, INC.,*<br>*APPELLEE* §| *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

This is an appeal from a take nothing judgment entered against Rosa Maria Morales, individually and as next friend of B.M., V.M., and V.M., minor children, in a personal injury action. Morales sued for personal injuries and other damages sustained in a motor vehicle accident caused, it is alleged, by the negligence of James William Dougherty and Larry Mabe, individually and d/b/a Top Gun Transport, Inc. Morales presents three issues on appeal. She contends the trial court erred in including in its charge "submissions and/or definitions of contributory negligence, unavoidable accident, and/or sudden emergency." Morales also claims the trial court reversibly erred when it permitted the introduction of evidence regarding her health insurance. In her final issue, she maintains the verdict was against the great weight and preponderance of the evidence. We affirm.

### BACKGROUND

Rosa Morales was the driver of a 1987 Grand Marquis Mercury auto stopped in the

southbound lane of Highway 19 waiting to make a left turn onto County Road 3718 just north of the Athens city limits. A Ford pickup driven by Larry Thomas was also stopped behind the Morales vehicle. A tractor-trailer came to a stop waiting for the Morales car to turn left. Dougherty was the driver of a Volvo tractor following approximately 200 to 300 feet behind the tractor-trailer. The stopped vehicles were not visible to Dougherty because of a small hill. As he came over the hill, he applied his brakes. Charles Warren, the driver of the tractor-trailer in front of Dougherty, had the best view of the accident. He testified that he looked in his rear view mirror and saw the tires of Dougherty's Volvo tractor smoking as Dougherty desperately tried to stop.

Q.      Okay. So what happened next after you saw the cloud of smoke coming at you?

A.      He [Dougherty] was able to veer to the right, missed my trailer, come down the bar ditch, took out one of the steel posts on a road sign.

. . . .

Q.      What happened after he hit the sign?

A.      Well, he come bouncing on down past me, and I assume that he probably lost control of his truck when he hit the sign post, because he veered back to the left, come back on the highway and clipped the front of a pickup [the Thomas pickup], and the people that was turning left was driving extremely slow across the highway.

He testified the Dougherty tractor hit the Morales car at the rear on the passenger side and spun it around. The Volvo tractor then tipped over on its side. Morales was able to drive her Mercury to her home in Athens after a flat tire was replaced.

No one involved required medical attention at the scene.

The jury found no negligence on the part of Dougherty and Mabe.

## CHARGE ERROR

In her first issue, Morales insists that the trial court reversibly erred in including instructions or definitions in its charge pertaining to contributory negligence, unavoidable accident, and sudden emergency. Morales argues that the evidence was insufficient to raise these issues. However, only an instruction on sudden emergency was actually included in the charge.

2

## Standard of Review

The trial court's decision to include an instruction in its charge is reviewed for abuse of discretion. ***Dew v. Crown Derrick Erectors, Inc.***, 208 S.W.3d 448, 456 (Tex. 2006). "If an instruction might aid the jury in answering the issues presented to them, or if there is any support in the evidence for an instruction, the instruction is proper." ***Louisiana-Pacific Corp. v. Knighten***, 976 S.W.2d 674, 676 (Tex. 1998). Any error regarding a requested instruction is not reversible error unless it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. ***Id.***; *see also* TEX. R. APP. P. 44.1(a).

## Applicable Law

To warrant the submission of an instruction on sudden emergency, there must be evidence that (1) an emergency situation arose suddenly and unexpectedly, (2) the emergency situation was not caused by the defendant's negligence, and (3) after the emergency situation arose, the defendant acted as a person of ordinary prudence would have acted. ***Thomas v. Oldham***, 895 S.W.2d 352, 360 (Tex. 1995); ***McDonald Transit, Inc. v. Moore***, 565 S.W.2d 43, 44-45 (Tex. 1978). If there is conflicting evidence regarding these elements, the trial court should submit the requested instruction. ***DeLeon v. Pickens***, 933 S.W.2d 286, 294 (Tex. App.–Corpus Christi 1996, writ denied) (inclusion of instruction on sudden emergency does not constitute error when the evidence conflicts as to whether the defendant's actions prior to the emergency were suspect); ***Oldham v. Thomas***, 864 S.W.2d 121, 127 (Tex. App.–Houston [14th Dist.] 1993), *rev'd in part on other grounds*, 895 S.W.2d 352 (Tex. 1995). The evidence need only raise a fact issue regarding each of the elements of sudden emergency. ***Jordan v. Sava***, 222 S.W.3d 840, 848 (Tex. App.–Houston [1st Dist.] 2007, no pet.).

An act of nature is not a prerequisite for a sudden emergency. ***Id.*** Actions by other vehicles can cause a sudden emergency. *See* ***DeLeon***, 933 S.W.2d at 294. In ***Reinhart v. Young***, 906 S.W.2d 471 (Tex. 1995), the supreme court found no error in the submission of both an unavoidable accident and a sudden emergency instruction where the facts showed the defendant driver rear ended a car stopped on the blind side of an overpass. ***Id.*** at 474. A sudden emergency instruction was proper when there was evidence that the driver whose automobile struck a car parked on the shoulder of the road was traveling around a curve just before the accident and had been blinded by the headlights

3

of an oncoming car. ***Bounds v. Scurlock Oil Co.***, 730 S.W.2d 68, 70-71 (Tex. App.–Corpus Christi 1987, writ ref'd n.r.e.).

**Discussion**

Morales called Charles Warren to testify. Warren was the driver of the eighteen wheeler in front of Dougherty and from his cab undoubtedly had the best view of the circumstances leading to the accident, the accident itself, and its aftermath. He told the jury that he topped a small hill to find a car with a pickup behind it, both stopped in the roadway. He immediately started pumping his brakes and brought his tractor-trailer to a stop behind the pickup. Because of the presence of Warren's truck, Dougherty could not see that the car and pickup had come to a complete stop, nor did he have the available distance for stopping that Warren had. Warren testified that Dougherty came over the hill "and there we all sat." It appeared to Warren that Dougherty was doing everything he could to avoid a collision.

Warren's testimony alone is sufficient to raise the issue of sudden emergency. However, Morales contends the submission of the sudden emergency instruction was improper because Dougherty and Mabe had not pleaded sudden emergency as an affirmative defense.

Sudden emergency is not an affirmative defense that must be pleaded, but an inferential rebuttal. *See **Dillard v. Tex. Elec. Coop.***, 157 S.W.3d 429, 433-34 (Tex. 2005). An inferential rebuttal is a theory that operates to rebut an essential element of the plaintiff's case by proving the truth of other facts. *See **Erickson v. Deayala***, 627 S.W.2d 475, 478-79 (Tex. App.–Corpus Christi 1981, no writ). "Thus, by inference, the plaintiff's factual theory is rebutted or defeated." ***Id.*** at 478. An affirmative defense, on the other hand, does not tend to rebut the facts of the plaintiff's case, but show an independent reason why the plaintiff should not recover even if all the elements of the plaintiff's case are proven. *See **Moulton v. Alamo Ambulance Service, Inc.***, 414 S.W.2d 444, 448 (Tex. 1967).

Dougherty and Mabe's general denial was a sufficient pleading to support the submission of the sudden emergency instruction. *See **Buls v. Fuselier***, 55 S.W.3d 204, 211-12 (Tex. App.–Texarkana 2001, no pet.); ***Erickson***, 627 S.W.2d at 478; ***Mo. Pac. R.R. Co. v. United Transports, Inc.***, 518 S.W.2d 904, 910 (Tex. App.–Houston [1st Dist.] 1975, writ ref'd n.r.e.).

There are cases that appear to require that an inferential rebuttal instruction be supported by

an affirmative pleading. *See, e.g., **Reid v. Best Waste Systems, Inc.**,* 800 S.W.2d 644, 646 (Tex. App.–Houston [14th Dist.] 1990, writ denied); ***Charter Oak Fire Ins. Co. v. Taylor***, 658 S.W.2d 227, 228-29 (Tex. App.–Houston [1st Dist.] 1983, no writ). We are convinced, however, that these cases represent a departure from Texas law as it has developed since the 1973 amendment of Texas Rule of Civil Procedure 277 to provide that inferential rebuttals shall not be submitted in the charge as questions but as instructions or definitions. *See **Buls**,* 55 S.W.3d at 210-12; *see also* TEX. R. CIV. P. 277.

The trial court did not abuse its discretion in submitting the challenged instruction. Morales's first issue is overruled.

## EVIDENCE OF HEALTH INSURANCE

In her second issue, Morales complains that the trial court committed reversible error in admitting evidence of Morales's health insurance.

### Standard of Review

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. ***City of Brownsville v. Alvarado***, 897 S.W.2d 750, 753 (Tex. 1995). An appellate court must uphold the trial court's ruling if it has any legitimate basis. ***State Bar of Tex. v. Evans***, 774 S.W.2d 656, 658 n.5 (Tex. 1989). The court should not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a). In making that determination, the appellate court should review the entire record. ***Alvarado**,* 897 S.W.2d at 754.

### Applicable Law

The collateral source rule precludes a tortfeasor from obtaining the benefit of, or even mentioning, payments to the injured party from sources other than the tortfeasor. ***Taylor v. Am. Fabritech, Inc.**,* 132 S.W.3d 613, 626 (Tex. App.–Houston [14th Dist.] 2004, pet. denied). If the plaintiff claims financial hardship, however, evidence of a collateral source may be offered to impeach the plaintiff's credibility. ***Mundy v. Shippers, Inc.***, 783 S.W.2d 743, 745 (Tex. App.–Houston [14th Dist.] 1990, writ denied).

**Discussion**

Rosa Morales blamed her lack of money for her failure to seek medical treatment promptly after the accident and for her six year avoidance of a $50,000 back operation she claimed was necessary. She claimed an inability to pay medical bills to four different providers of medical care.

The evidence shows Rosa Morales had Cigna health insurance coverage and Cigna had already paid several thousand dollars to health care providers on her behalf.

Morales's plea of poverty began with her attorney's opening statement and continued through her direct, cross, and redirect examination. Her testimony opened the door to proof of collateral sources of payment for her medical bills. The trial court did not err in admitting evidence of her health insurance coverage. Morales's second issue is overruled.

## FACTUAL SUFFICIENCY

In her last issue, Morales contends the verdict was contrary to the overwhelming weight of the evidence and is manifestly unjust.

## Standard of Review

A party attacking the factual sufficiency of an adverse finding on an issue on which she has the burden of proof must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. ***Dow Chem. Co. v. Francis***, 46 S.W.3d 237, 242 (Tex. 2001).

> The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. In doing so, the court of appeals must "detail the evidence relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." (citations omitted).

*Id.*

Dougherty came over the crest of a hill to find a tractor-trailer in front of him. Obscured by Charles Warren's eighteen wheeler, the Morales car was waiting at the bottom of the hill for the oncoming traffic to clear so she could make a left turn onto a county road. Charles Warren, in the cab of his eighteen wheeler, was in the best position to observe what transpired. Rosa Morales, he observed, was slow to start her turn after the traffic cleared and slow in executing it. Warren did not

6

expect to stop at all because the oncoming traffic had passed. Meanwhile, Dougherty came over the hill "and there we were." Warren believed that Dougherty did everything he could to avoid the collision.

Dougherty and Mabe argue that it was reasonable for the jury to find that Morales's failure to promptly execute her intended left turn, and the limited distance from the crest of the hill on Highway 19 to County Road 3718, coupled with the presence of the Thomas pickup and Warren's eighteen wheeler filling that space, created a sudden emergency. We agree.

The jury's verdict was not so against the great weight and preponderance that it is clearly wrong and unjust. Morales's third issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

  BILL BASS  
Justice

Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(PUBLISH)

7