NO. 07-10-00013-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2011

RANDY BROWN, APPELLANT

v.

BILL HOLMAN AND
CLAYTEX PROPERTIES, INC., APPELLEES

FROM THE 97TH DISTRICT COURT OF CLAY COUNTY;

NO. 2008-0000187C-CV; HONORABLE VICKI ISAACS, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Randy Brown sued his employer, ClayTex Properties, Inc., alleging he sustained personal injuries in the course and scope of employment. ClayTex is a non-subscriber of workers' compensation insurance. ClayTex moved for summary judgment alleging, among other grounds, an act of Brown was the sole proximate cause of his injury. The trial court granted ClayTex a summary judgment and this appeal followed. We will affirm the judgment of the trial court.

## Background

Jack Ellis, president of ClayTex, instructed Brown to clean out a storage building at the home of a ClayTex shareholder, Bill Holman. Among the many items in the storage building were several clay molds of varying weights. Ellis and Brown expected the job would take several days to complete. Brown used a ClayTex pickup truck.

The backyard of Holman's home is surrounded by a three-rail fence. The rails are two-inch pipe, hung between brick pillars. The storage building is inside the fence. To avoid interfering with Holman's use of his driveway, Ellis instructed Brown to park the pickup truck behind the fence. Ellis otherwise gave Brown no specific instructions on how to complete his task of hauling the contents of the storage building to another location. In the course of the work, Brown attempted to climb the fence while holding a sixty-pound clay mold with both hands. While straddling the fence Brown lost his footing and fell directly onto the top rail of the fence, injuring one of his testicles.

ClayTex moved for summary judgment on several grounds including the defense of sole proximate cause. The trial court granted summary judgment without stating the ground relied on and Brown appeals.

## Analysis

Through two issues focusing on breach of duty by ClayTex and proximate cause, Brown asserts the existence of an issue of material fact precluding summary judgment. We will address Brown's second issue, concerning proximate cause, as it is dispositive of the appeal.

Our review of a summary judgment is *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When summary judgment is granted on a traditional motion, we adhere to the following rules:

> (1) The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant.

*Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)); Tex. R. Civ. P. 166a(c). A defendant moving for summary judgment is entitled to summary judgment if it conclusively negates one essential element of the plaintiff's cause of action. *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004) (citing *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1994)). When the trial court does not specify the grounds for its grant of summary judgment, "the summary judgment should be affirmed if any of the theories advanced are meritorious." *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001) (quoting *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

By traditional motion, ClayTex moved for summary judgment on the ground that an act of Brown was the sole proximate cause of the injury he sustained. Brown argues on appeal the instruction of ClayTex to park behind the fence presents a question of

3

material fact on causation precluding the conclusive establishment of sole proximate cause.

An employer that does not subscribe to the Texas workers' compensation insurance program foregoes certain defenses. *See* Tex. Lab. Code Ann. § 406.033 (West 2006).  However, a non-subscribing employer is entitled to the defense that the actions of its employee were the sole proximate cause of the employee's injury.  *Najera v. Great Atlantic & Pacific Tea Co.,* 146 Tex. 367, 371, 207 S.W.2d 365, 367 (1948) (in non-subscriber case, finding against injured worker on sole proximate cause issue would have prevented recovery); *Hall v. Timmons,* 987 S.W.2d 248, 255 (Tex.App.— Beaumont 1999, no pet.) (non-subscribing employer may defend on ground that employee was guilty of some act which was the sole proximate cause of her injury). *See also Kroger Co. v. Keng,* 23 S.W.3d 347, 352 (Tex. 2000) (citing *Brookshire Bros. v. Wagnon,* 979 S.W.2d 343, 347 (Tex.App.--Tyler 1998, pet. denied) (submitting an employee's fault improper unless the submission is on sole proximate cause)).

Sole proximate cause is an inferential rebuttal defense.  *Walzier v. Newton Trucking Co.,* 27 S.W.3d 561, 564 (Tex.App.--Amarillo 2000, no pet.) (citing *American Jet., Inc. v. Leyendecker,* 683 S.W.2d 121, 126 (Tex.App.--San Antonio 1984, no writ)). "The basic characteristic of an inferential rebuttal is that it presents a contrary or inconsistent theory from the claim relied upon for recovery." *Select Ins. Co. v. Boucher,* 561 S.W.2d 474, 477 (Tex. 1978).  Specifically, evidence illustrating sole proximate cause does not tend to interject an independent basis for denying recovery for the plaintiff once he establishes a *prima facie* case.  Rather, it tends to disprove an element

4

of the plaintiff's cause of action or the existence of the *prima facie* case. *Walzier,* 27 S.W.3d at 564; *Hall,* 987 S.W.2d at 255 (citing *Holiday Hills Retirement and Nursing Center, Inc. v. Yeldell*, 686 S.W.2d 770, 775 (Tex.App.--Fort Worth 1985), *rev'd on other grounds*, 701 S.W.2d. 243 (Tex. 1985)).

For ClayTex to obtain summary judgment on the basis of sole proximate cause, it had to prove as a matter of law that Brown's own conduct was the only proximate cause of his injury. *Walzier,* 27 S.W.3d at 563. *Cf. Union Pump Co. v. Allbritton,* 898 S.W.2d 773 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 45-46 (Tex. 2007) (summary judgment proper because the defendant's action was not the proximate cause of the plaintiff's injury as a matter of law).

Proximate cause encompasses two essential components: a cause in fact and foreseeability. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). Cause in fact requires the conduct of an actor is a "substantial factor in bringing about the injury which would not otherwise have occurred." *Union Pump,* 898 S.W.2d at 775. *See also Lear Siegler, Inc. v. Perez* 819 S.W.2d at 470, 472 (Tex. 1991) (quoting Restatement (Second) of Torts § 431 cmt. a (1965)). The word "substantial" in this context means, "the [actor's] conduct has such an effect in producing harm as to lead reasonable men to regard it as a cause." *Lear Siegler,* 819 S.W.2d at 472. Foreseeability means the actor, as a person of ordinary prudence, should have anticipated the dangers his negligent act created. *Carr v. Jaffe Aircraft Corp.,* 884 S.W.2d 797, 803 (Tex.App.--San Antonio 1994, no writ). The general danger of the conduct must be foreseeable, not the precise sequence of events producing the harm.

*Id.* at 804. Here, the general danger was that of injury to Brown from the requirement that he negotiate the fence in some manner to load the clay molds into the pickup.

As noted, the fence presented a barrier between the storage building and the pickup consisting of the three rails of two-inch diameter pipe. Brown acknowledged there was a gate in the fence. In a summary judgment affidavit, Brown stated the gate was "about eighty feet from the storage area." Through deposition testimony, Brown agreed that no one from ClayTex instructed him where to park the truck behind the fence, instructed him to climb the fence with objects for loading, or instructed him not to use the gate for loading. Rather, Brown was free to park the truck at the gate for loading. Brown also agreed he could have lifted objects over the fence[1] and placed them in the pickup truck or on its tailgate.[2] ClayTex gave Brown no time period for completing the assignment. Brown, however, wished to finish the job quickly, to demonstrate diligence. Accordingly, he chose to load the truck by climbing over the fence. He testified he climbed the fence at least fifty times while loading the pickup truck.

---

[1] The summary judgment record contains varying evidence concerning the weight of the clay molds. Ellis testified the smaller molds weighed as little as two or three pounds, and the heaviest molds no more than twenty-five pounds. For purposes of our review, we accept Brown's testimony that the mold he carried when he slipped weighed about sixty pounds. Our opinion would be unchanged whether the mold weighed twenty-five or sixty pounds.

[2] The summary judgment record does not establish the height of the rails of the fence. Photographs depicting a pickup truck parked behind the fence show the bottom rail at a height about mid-way between the ground and the top of the truck's tires; the middle rail at about the height of the truck's rear bumper; and the top rail at a height several inches above the truck's extended tailgate but well below the top of the sidewalls of its cargo area.

Whether an intervening causal agent was the sole proximate cause of an injury or occurrence is ordinarily a question for the trier of fact, but it may become a question of law if the facts are without material dispute and only one reasonable inference may be drawn from the facts. *Fitzsimmons v. Brake Check, Inc.,* 832 S.W.2d 446, 449 (Tex.App.--Houston [14th Dist.] 1992, no writ) (finding as a matter of law sole cause of accident was third party driver's failure to maintain assured clear distance); *Wilson v. Cincinnati, Inc.,* No. 07-00-0344-CV, 2001 Tex. App. Lexis 339, at *9 (Tex.App.-- Amarillo Jan. 17, 2001, no pet.) (not designated for publication) (affirming summary judgment for product manufacturer that non-party employer's conduct was sole proximate cause of employee's injury).

Brown's decision to climb over the fence with the mold is readily seen as a proximate cause of his injury. Claytex did not require him to negotiate the fence in a particular manner. He was free to choose to load the truck over or through the fence rails, or at a gate. He chose to scale the fence while carrying the clay mold in both hands.[3] While straddling the fence, he slipped and sustained the injury of which he complains. The summary judgment record conclusively establishes that the injury would not have occurred but for his climbing the fence, and a person of ordinary prudence would have anticipated the danger of slipping while scaling the pipe fence with a heavy object held in both hands. *See International-Great N. R. R. Co. v. Lowry,* 132 Tex. 272, 278-80, 121 S.W.2d 585, 588-89 (1938) (in F.E.L.A. case, foreseeable

---

[3] Brown agreed during his deposition testimony that while he had climbed such a fence before carrying a fishing pole and tackle box, on this occasion he was "overweighted."

cause of railroad employee's personal injuries was not employer's failure to stop train carrying employee at worksite as requested; rather, sole proximate cause of employee's personal injuries was his independent decision to jump from moving train when it failed to stop at worksite).

Affirmance of the trial court's summary judgment, however, requires us to conclude Brown's conduct was the sole proximate cause of his injury. *See First Assembly of God, Inc. v. State Utils. Elec. Co.,* 52 S.W.3d 482, 493 (Tex.App.--Dallas 2001, no pet.) (quoting *Goolsbee v. Tex. & N.O.R. Co.,* 150 Tex. 528, 533, 243 S.W.2d 386, 388 (1951)) ("'Sole proximate cause' means the 'only' proximate cause"); *Cincinnati, Inc.,* 2001 Tex. App. Lexis 339, at *9 (summary judgment record supported only one reasonable inference, that non-party's conduct was sole proximate cause of plaintiff's injuries). In *Lowry,* the court held that the employer railroad's failure to stop the train to allow its employee Lowry to depart at his worksite, though a factor in bringing about the injury he suffered when he jumped from the moving train, was not a proximate cause of the injury because his action was not foreseeable. 121 S.W.2d at 588. What was foreseeable, the court said, was that Lowry would have been inconvenienced and delayed by his employer's failure to stop to permit him to depart, not that he would decide to jump from the train rather than delay his work. *Id.* We find the analysis applicable here. The foreseeable consequences of Ellis's instruction to Brown to park the pickup behind the fence were inconvenience and delay, not that his chosen method of negotiating the fence would lead to his injury. Indulging every reasonable evidentiary inference favoring Brown, and resolving any doubts in his favor, we nonetheless conclude the undisputed evidence conclusively establishes that

8

Brown's actions were the sole proximate cause of his injury. Accordingly, the trial court did not err by granting summary judgment to Claytex.

We overrule Brown's second issue. Because doing so requires that we affirm the judgment, discussion of his first issue is unnecessary to disposition of the appeal. Tex. R. App. P. 47.1. The trial court's judgment is affirmed.

James T. Campbell
Justice