ACCEPTED
06-15-00017-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/7/2015 12:40:12 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00017-CV

IN THE
SIXTH DISTRICT OF TEXAS COURT OF APPEALS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/7/2015 12:40:12 PM
DEBBIE AUTREY
Clerk

*BILLY FITTS and FREIDA FITTS,*
Appellants,

v.

*MELISSA RICHARDS-SMITH, THE LAW FIRM OF GILLIAM & SMITH, LLP,
E. TODD TRACY and THE TRACY LAW FIRM*,
Appellees.

On Appeal from the 71st District Court of Harrison County, Texas,
Cause No. 14-0150, The Honorable Brad Morin, Presiding

---

## APPELLEES' BRIEF OF E. TODD TRACY AND THE TRACY FIRM

---

RESPECTFULLY SUBMITTED,

/s/ Bruce A. Campbell
/s/ Lindsay McNutt
BRUCE A. CAMPBELL
TEXAS BAR NO. 03694500
LINDSAY MCNUTT
TEXAS BAR NO. 24058823
CAMPBELL & ASSOCIATES LAW FIRM, P.C.
4201 Spring Valley Rd., Suite 1250
Dallas, Texas 75244
Telephone: (972) 277-8585
Facsimile: (972) 277-8586
Email: bcampell@cllegal.com
Email: lmcnutt@cllegal.com

**ATTORNEYS FOR APPELLEES
E. TODD TRACY AND THE TRACY FIRM**

**TABLE OF CONTENTS**

**Index of Authorities**…………………………………………………………....iv

**Statement on Oral Argument**……………………………………………………vi

**Statement on Citations to the Clerk's Record**…………………………………vi

**Statement of Facts**…………………………………………………………....1

**Summary of the Argument**…………………………………………….…...8

**Argument**………………………………………………………………………..9

    **I.**    **Summary Judgment Should Be Affirmed Based on Appellants' Failure to Adequately Brief the Issues**…………………………..9

        A. Appellants Waived their Complaints by Failing to Adequately Brief the Issues on Appeal…………………………………...9

        B. Summary Judgment Must be Affirmed Based on Appellants' Failure to Challenge a Ground Upon Which the Trial Court Granted Summary Judgment…………………………………..10

    **II.**    **REPLY TO ISSUE 1: Summary Judgment was Proper because the Kemper Release—Which Appellants signed behind their counsel's back and without their knowledge—extinguished Appellants' ability to recover anything from George Fitts' umbrella policy with RLI**……………………………………………14

        A. Contrary to Appellants' argument, the unambiguous release of all claims against George Fitts released both of George Fitts' insurers, Kemper and RLI………………….................18

        B. Appellants Argument, raised for the First Time on Appeal, that the Trial Court Should Not Have Granted Summary Judgment so Appellants Could Assert Claims against Non-party Kemper, is not only Nonsensical but Has Been Waived………….. …………………………………………22

C. Contrary to Appellants' Argument, it was Undisputed There was No Conflict of Interest…………………………………..22

**III.  REPLY TO ISSUE 2: The Trial Court Properly Granted Summary Judgment because the Kemper Release negated the Causation Element of Appellants' Legal Malpractice Claim**………………………………………………….…27

**IV.  REPLY TO ISSUES 3 AND 4: The Trial Court Properly Granted Summary Judgment because the Kemper Release negated the Damages/Injury Element of Appellants' Legal Malpractice and Breach of Fiduciary Duty Claims**……………...34

**Prayer**………………………………………………………………….36

**Certificate of Compliance**………………………………………….38

**Certificate of Service**……………………………………………….39

# INDEX OF AUTHORITIES

**CASES**                                                    **Page**

*Angus Chemical Co. v. IMC Fertilizer, Inc.,* 939 S.W.2d 138 (Tex. 1997)………17

*American Nat. Fire Ins. Co. v. Hammer Trucking, Inc.*, 2006 WL 3247906
(Tex.App.—Fort Worth 2006, pet. denied)(mem.op.)………… ….10-11, 21

*Barker v. Roelke*, 105 S.W.3d 75 (Tex.App.—Eastland 2003, pet. denied)….18, 19

*Baty v. Protech Insurance Agency,* 63 S.W.3d 841 (Tex.App.—Houston
[14th Dist.] 2002, no. pet.)…………………………………………..16, 20

*Bergthold v. Winstead Sechrest & Minick, P.C.*, 2009 WL 226026
(Tex.App.—Fort Worth 2008, no pet.)…………………………………25-26

*Brown v. Holman*, 335 S.W.3d 792 (Tex.App.—Amarillo 2011, no pet.)……30, 31

*Carr v. Brasher,* 776 S.W.2d 567 (Tex.1989)…………………………………10

*Cosgrove v. Grimes*, 774 S.W.2d 662 (Tex. 1989)………………………25, 27, 34

*David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447 (Tex. 2008)…………………14

*Deer Creek Ltd. v. N. Am. Mortg. Co.*, 792 S.W.2d 198
(Tex.App.—Dallas 1990, no writ)…………………………………………15

*Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505
(Tex. 1993)......................................................................................................14

*Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984)………………..15, 16

*Emscor Mfg., Inc. v. Alliance Ins. Group,* 879 S.W.2d 894 (Tex. App.—
Houston [14th Dist.] 1994, writ denied)………………………………...11

*Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455 (Tex.1997)……………13

*Haygood v. Hawkeye Ins. Services, Inc.*, 2012 WL 1883811
(Tex.App.—Tyler 2012, no pet.) (mem.op.)………………………………12

*Hamlin v. Gutermuth,* 909 S.W.2d 114 (Tex.Civ.App. [14th Dist.]
Houston, 1995)…………………………………………......28, 29, 33

*In re ADA*, 287 S.W.3d 382 (Tex.App.—Texarkana
2009, no pet.)…………………………………………..9, 21, 22, 33, 34

*J.E.M. v. Fid. & Cas. Co. of New York*, 928 S.W.2d 668 (Tex. App.—
Houston [1st Dist.] 1996, no writ)…………………………………………13

*Judwin Props., Inc. v. Griggs & Harrison, P.C.*, 981 S.W.2d 868
(Tex.App.—Houston [1st Dist.] 1998, *pet. denied per curiam*,
11 S.W.3d 188 (Tex. 2000)………………………………………………...25

*Keck, Mahin & Cate v. Nat'l Union Fire Co.*, 20 S.W.3d 692 (Tex.2000)……….16

*Kuemmel v. Vradenburg,* 239 S.W.2d 869 (Tex. 1951)………………………32, 33

*Lowe v. Safeco Ins. Co.,* 2003 WL 21731306 (Tex. App.—
Dallas 2003, pet. denied)……………………………………………...17

*Mid-Continent Casualty Co. v. Castagna*, 410 S.W.3d 445
(Tex.App.—Dallas 2013, no pet.)……………………………………………….12
*Morris v. Allstate,* 523 S.W. 299 (Tex. Civ. App.-Texarkana 1975, no writ)…….17
*Ohio Cas. Ins. Co. v. Time Warner Entertainment Co., L.P.*, 244 S.W.3d 885
(Tex.App.—Dallas 2008, pet. denied)……………………………………..12
*Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995)………………………27-28
*Pool v. Durish,* 848 S. W.2d 722 (Tex.App.—Austin 1992, writ denied)………..17
*Rodgers v. Weatherspoon*, 141 S.W.3d 342 (Tex.App.—Dallas 2004, no pet.)….29
*Schomburg v. TRW Vehicle Safety Systems, Inc.,* 242 S.W.3d 911(Tex.
App.—Dallas 2008, no pet.)……………………………..14, 15, 16, 17, 19
*Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471 (Tex. 1995)……………………10, 14
*Texas Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28
(Tex. App.—Texarkana 1991, writ denied)………………………………..13
*Union Indem Ins. Co. of New York v. Certain Underwriters at Lloyd's,*
614 F.Supp. 1015 (S.D. Tex. 1985)………………………………………..11
*Universal C.I.T. Credit Corp. v. Daniel,* 243 S.W.2d 154 (1951)………………..14
*Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931 (Tex. 1991)………………16
*Weaver v. Sw. Nat'l Bank,* 813 S.W.2d 481 (Tex. 1991)(per curiam)……………..9

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 16.003…………………………………….24, 28

**RULES**

Tex. R. App. P. 33.1(a)……………………………………………..9-10, 22
Tex. R. App. P. 38.1 (i)………………………………….9, 21, 22, 33, 34

**OTHER AUTHORITIES**

Texas Ethics Op. 624 (Tex. Prof. Eth. Comm. 2013), 2013 WL 1776543……….25

## STATEMENT ON ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Appellees E. Todd Tracy and The Tracy Firm (hereafter collectively referred to as the "Tracy Appellees") note that oral argument is unnecessary because the briefing adequately presents the facts and legal arguments to the Court, and the dispositive issues have been decided and can be issued in a memorandum opinion. Oral argument is also unnecessary because the summary judgment being appealed was decided by the trial court by written submission, and all issues and complaints must be contained in the clerk's record.

However, if the Court were to grant oral argument, the Tracy Appellees assert their right to argue in oral argument pursuant to Texas Rule of Appellate Procedure 39.7.

## STATEMENT ON CITATIONS TO THE CLERK'S RECORD

The clerk's record was filed with this Court on April 8, 2015 and is referenced in this brief as (CR). The second supplemental clerk's record was filed with this Court on April 22 and is referenced in this brief as (CR 2d Supp.). The fourth supplemental clerk's record was filed with this Court on June 17 _at 4:05:10 p.m._ and is referenced in this brief as (CR 4th Supp.). The sixth supplemental clerk's record was filed with this Court on August 6 and is referenced in this brief as (CR 6th Supp.).

**STATEMENT OF FACTS**

On November 6, 2009, Appellant Billy Fitts was travelling with his brothers, William and George Fitts, in George's 2007 Lexus. (CR 4th Supp. 5). The Lexus struck a pickup truck that had stopped to make a left turn, killing George and injuring Billy and William. (CR 4th Supp. 5).

George Fitts had a primary automobile insurance policy with Kemper that had per person bodily injury limits of $250,000. (CR 2d Supp. 14; CR 4th Supp. 5). George Fitts also had an umbrella policy with RLI with a limit of $5 million. (CR 2d Supp. 51; CR 4th Supp. 5).[1]

Appellant Freida Fitts and her employer, Red River Member Insurance, were the agents of record for both policies. (CR 4th Supp. 5). Mrs. Fitts did not read either policy. CR 4th Supp. 5). However, Mrs. Fitts did review the declarations pages from both policies to make sure they showed the correct coverage limits. (CR 4th Supp. 5-6).

---

[1] In the Underlying Lawsuit, the umbrella policy provided George and Mary Fitts with an additional $5 million to cover any amount that George and Mary became _legally liable_ to pay because of the automobile accident. (CR 2d Supp. 71). RLI's $5 million coverage became available only _after_ two conditions were met. (CR 6th Supp. 10-11). First, the value of the claim had to exceed the limits of Kemper's policy. (CR 6th Supp. 10-11). Second, George and Mary Fitts had to _remain_ legally liable for the event that caused the claim. (CR 6th Supp. 10-12). Plaintiffs' undisclosed actions eliminated George and Mary Fitts' legal liability for the accident and terminated RLI's obligation to cover Plaintiffs' claim. (CR 6th Supp. 10-12).

Almost immediately after the accident and before hiring the Tracy Appellees, Appellants opened a claim with Kemper. (CR 2d Supp. 86-90; CR 4th Supp. 6). By December 4, 2009, Appellants began sending Kemper medical invoices for reimbursement. (CR 2d Supp. 103-109). On December 23, 2009, Appellant Freida Fitts opened a claim with George Fitts' umbrella carrier RLI. (CR 2d Supp. 113-114; CR 4th Supp. 6). Mrs. Fitts began forwarding documentation to RLI on December 30, 2009. (CR 2d Supp. 116; CR 4th Supp. 6). Mrs. Fitts continued communicating with Kemper and RLI in January 2010. (CR 2d Supp. 125-126; CR 4th Supp. 6).

On February 9, 2010, George Fitts' estate; his wife and adult children; William Fitts and his wife Phyllis; and Appellants Billy and Freida Fitts hired Appellee Gillam & Smith to pursue a product's liability claim against Toyota and any parts makers arising out of a defect in George's Lexus; i.e., the Underlying Lawsuit. (CR 2d Supp. 128-138; CR 4th Supp. 6). Plaintiffs both signed contingent fee contracts with Gillam & Smith. (CR 2d Supp. 128-138; CR 4th Supp. 6). Per the fee agreement, Gillam & Smith associated with the Tracy Appellees to help prosecute the Underlying Lawsuit. (CR 4th Supp. 6). The fee agreements, among other things, provided that the clients would "[…] have authority to accept or reject any final settlement amount <u>after receiving the advice of our attorneys</u>" ¶ 5. (CR 2d Supp. 128-138; CR 4th Supp. 6-7).

Within days of hiring the Tracy Appellees, Appellant Billy Fitts filled out a client information form, but did not disclose that they had been in constant communication with George's insurers for three months. (CR 2d Supp. 140-153; CR 4th Supp. 7, 61). In the intake form, Mr. Fitts blamed the accident on sudden acceleration. (CR 2d Supp. 151-152; CR 4th Supp. 7).

It is undisputed that Appellant Mr. Fitts never told Appellant Mrs. Fitts that he believed George's driving caused the accident; nor did Mrs. Fitts ever hear him blame George for causing the accident. (CR 4th Supp. 7, 34-35). When deposed in this lawsuit, Appellant Mrs. Fitts still believed that the "car speeded up" was the cause of the underlying accident. (CR 4th Supp. 7, 34-35). Until February 2012, Appellant Mr. Fitts also believed that a defect in George Fitts' car caused the accident. (CR 18, CR 4th Supp. 7, 34-35, 49-51, 59-60). After February 2012, Mr. Fitts never told *anyone* that he blamed George for causing the accident. (CR 18, CR 4th Supp. 7, 49). When deposed in this lawsuit, Appellant Mr. Fitts admitted he still has no evidence that George Fitts actually caused the underling car accident. (CR 4th Supp. 7, 49).

Based on the information actually provided by Appellants, the Tracy Appellees commenced working on developing a product's liability case against Toyota. (CR 4th Supp. 7). On March 18, 2010, the Tracy Appellees prepared a

product's liability petition and filed it in Harrison County on Appellants' behalves. (CR 2d Supp. 168-187; CR 4th Supp. 7).

Seven days after filing suit against Toyota, on March 26, 2010, Appellants received an offer of settlement and a release from Kemper, George Fitts' primary insurance carrier, for a claim Appellants had filed on their own, without the knowledge, counsel or advice of their lawyers. (CR 2d Supp. 8-9; CR 4th Supp. 8).

The operative language of the Kemper release stated that in exchange for payment of $250,000, Appellants:

> "release, acquit and forever discharge <u>George Fitts, Mary Fitts and Trinity Universal Insurance Company</u> of and from and all actions, causes of action, claims or demands for damages, costs, loss of use, loss of service, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, and all known and unknown personal injuries and death and property damage resulting or to result from an occurrence or accident that happened on or about the 6th day of November, 2009, at or near Highway 79 Hearne, Texas."

(CR, 2d Supp. 8-9; CR 4th Supp. 8). Appellants admit that they read Kemper's release before they signed it on March 29, 2010. (CR 4th Supp. 8, 29-30).

It is undisputed that Appellants did not notify the Tracy Appellees of Kemper's settlement offer. (CR 4th Supp. 8-9, 31-33, 36-38, 44, 55-58). Appellants admit they did not disclose or seek Appellees' legal advice regarding

the release. (CR 4th Supp. 8-9, 31-33, 36-38, 44, 55-58). On July 14, 2014, Appellant Freida Fitts admitted to Kemper that the reason she did not tell Appellees about the Kemper settlement was because Appellee Smith "would get half of their settlement." (CR 2d Supp. 202-203; CR 4th Supp. 10). Appellants did not tell the Tracy Appellees that they signed the Kemper release, nor did Appellants provide the Tracy Appellees with a copy of the Kemper release. (CR 4th Supp. 8-10, 31-33, 36-38, 44, 55-58).

After signing the Kemper release, Appellant Freida Fitts informed the excess carrier RLI that Appellants had settled with Kemper. (CR 2d Supp. 191-193; CR 4th Supp. 9). Not surprisingly, RLI asked for a copy of the Kemper release—in which Appellants released, acquitted and forever discharged all actions, causes of action, claims or demands for damages against George Fitts arising from the automobile accident. (CR 2d Supp. 191-193; CR 4th Supp. 9). RLI received a copy of the release on August 12, 2010. (CR 2d Supp. 191-193; CR 4th Supp. 9). Appellants failed to advise the Tracy Appellees that the Kemper release existed or was forwarded to RLI. (CR 4th Supp. 9, 31-33, 36-38, 44, 55-58).

After Kemper resolved all claims within its policy limits, Kemper closed its file. (CR 4th Supp. 10). RLI properly closed its file too. (CR 2d Supp. 197; CR 4th Supp. 10). Appellees were not sent a copy of the Kemper release until October 13, 2010. (CR 4th Supp. 10).

In this lawsuit, Appellants' claims focus exclusively on their alleged lost opportunity to sue George Fitts and recover against his $5 million umbrella policy with RLI. (CR 12-17; CR 4th Supp. 9-10). However, once Appellants signed the Kemper release, the Tracy Appellees were completely barred from suing George Fitts and recovering against his umbrella policy with RLI, since Appellants had already released such a claim. (CR 2d Supp. 8-9; CR 4th Supp. 13-14). In response to Tracy Appellees summary judgment, Appellants admitted that they could not sue RLI, the insured, directly; Appellants admitted that their claims in the underlying lawsuit were only against George Fitts—although Appellants released any and all future claims against George Fitts. (CR 224).

The Tracy Appellees moved for summary judgment: (1) on the affirmative defense of release, because the Kemper release forever extinguished all claims Appellants allegedly had against George Fitts and his insurers; (2) that it was undisputed no conflict of interest existed between Appellants and the other underlying plaintiffs, negating Appellants' breach of fiduciary claim; (3) that Appellants' own act of releasing any and all claims against George Fitts was the sole proximate cause of Appellants alleged injuries, which negated the causation element of Appellants' legal malpractice claim and (4) that it was undisputed Appellants could not prove any funds were collectible from RLI, which negated

the damage and injury elements of Appellants' legal malpractice and breach of fiduciary duty claims.  (CR 4th Supp. 12-19).

On December 1, 2014, the trial court granted the Tracy Appellees' motion for summary judgment and dismissed all of Appellants' claims with prejudice. (CR 281).

## SUMMARY OF THE ARGUMENT

The trial court properly granted the Tracy Appellees' Traditional Motion for Summary Judgment – Release on several grounds. First, the Tracy Appellees properly presented undisputed evidence to support their affirmative defense of release. Second, it was undisputed that no conflict of interest existed between Appellants and the other underlying plaintiffs, negating Appellants' breach of fiduciary claim. Third, Appellants' own, unilateral act of releasing any and all claims against George Fitts was the sole proximate cause of Appellants' alleged damages, which negated the causation element of Appellants' legal malpractice claim. Fourth, it was undisputed that Appellants could not prove any funds were collectible from RLI, which negated the damage and injury elements of Appellants' legal malpractice and breach of fiduciary duty claims. The trial court properly ordered that all of Appellants' claims were dismissed with prejudice.

Appellants also waived their issues on appeal by failing to cite to evidence in the record, cite to authorities, or precisely present their arguments with analysis of any errors allegedly committed by the trial court. Appellants also failed to bring forward and challenge on appeal that the Kemper release barred Appellants' underlying claims based on the unambiguous language of the RLI umbrella policy. Appellants' failure to bring forward this issue warrants affirmance of summary judgment for the Tracy Appellees.

**ARGUMENT**

**I.     SUMMARY JUDGMENT SHOULD BE AFFIRMED BASED ON APPELLANTS' FAILURE TO ADEQUATLY BRIEF THE ISSUES**

    **A.     APPELLANTS WAIVED THEIR COMPLAINTS BY FAILING TO ADEQUATELY BRIEF THE ISSUES ON APPEAL**

An appellate brief must contain all issues relied upon, argument and authorities under each issue, and all facts relied upon with references to the record. *See* Tex. R. App. P. 38.1(i)(requiring both citation to authority and substantive analysis in regard to an issue in the appellant's brief); *see Weaver v. Sw. Nat'l Bank,* 813 S.W.2d 481, 481 (Tex. 1991)(per curiam). The failure to adequately brief an issue results in its waiver on appeal. *See In re ADA*, 287 S.W.3d 382, 390 (Tex.App.—Texarkana 2009, no pet.).

Throughout the Argument section of their brief, Appellants failed to cite to evidence in the record, failed to cite to authorities, and failed to specifically identify and analyze any errors allegedly committed by the trial court. *See Brief of Appellants*, pp. 16-48. Many of Appellants' statements in their brief were not presented to the trial court and are not contained in the clerk's record. *See Brief of Appellants*, pp. 16-48. As such, Appellants' waived their issues on appeal. *See In re ADA,* 287 S.W.3d at 390 (the failure to adequately brief an issue results in its waiver on appeal); *see* Tex. R. App. P. 33.1(a)(as a prerequisite to presenting a

complaint for appellate review, the record must show that the complaint was made to the trial court).

## B. SUMMARY JUDGMENT MUST BE AFFIRMED BASED ON APPELLANTS' FAILURE TO CHALLENGE A GROUND UPON WHICH THE TRIAL COURT GRANTED SUMMARY JUDGMENT

The trial court did not specify the grounds upon which it granted the Tracy Appellees motion for summary judgment. (CR 281). When a trial court's order granting summary judgment does not specify the ground(s) upon which it relied for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (*citing Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989)). The appellate court must affirm the summary judgment if any one of the movant's theories has merit. *Id.*

Tracy Appellees advanced several arguments to the trial court in support of their motion for summary judgment. (CR 4th Supp. 12-16). One argument made by the Tracy Appellees was that the Kemper release for policy limits of $250,000, *and not one dollar more,* prevented the excess policy with RLI from being triggered based on the unambiguous language of the RLI umbrella policy (CR 4th Supp. 12-16; CR 6th Supp. 6-12); *see American Nat. Fire Ins. Co. v. Hammer Trucking, Inc.*, No. 2-04-327-CV, 2006 WL 3247906 at *3 (Tex.App.—Fort Worth Nov. 9, 2006, pet. denied) (mem.op.)(if a settlement agreement forever discharges

any and all claims a party has against an insured in exchange for the underlying carrier's policy limits *and not one dollar more*, then the excess carrier's duty to indemnify and pay is <u>never</u> triggered).[2]

The Tracy Appellees argued that, based on the language in the RLI policy, it was undisputed that the Kemper release eliminated Appellants' ability to establish proximate cause, to prove Appellants were harmed, and to provide evidence that their alleged damages were collectible. (CR 4th Supp. 12-16, CR 6th Supp. 6-12).

The insuring language of George Fitts' RLI umbrella policy states that:

> We will pay an amount for which anyone covered by this policy becomes legally liable for Injury due to an Occurrence which takes place during the Policy Period and in the Policy Territory. This insurance applies:
>
> a. As excess insurance over and above the greater of (1) the Minimum Limit of Coverage as stated in the Declarations which is required to be provided by the Basic Policies…

---

[2] Primary insurance coverage is insurance coverage whereby, under the terms of the policy, liability attaches immediately upon the happening of the occurrence that gives rise to the liability. *Emscor Mfg., Inc. v. Alliance Ins. Group,* 879 S.W.2d 894, 903 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (*citing Union Indem Ins. Co. of New York v. Certain Underwriters at Lloyd's,* 614 F.Supp. 1015, 1017 (S.D. Tex. 1985). An excess or umbrella policy, on the other hand, is one that provides that the insurer is liable for the excess above and beyond that which may be collected on primary insurance. *Id.* In a situation where there is primary and excess insurance coverage, the limits of the primary insurance must be exhausted before excess insurance is implicated. *Id.*

(CR 2d Supp. 71) [3] Substituting into RLI's insuring language the definitions from

RLI (see footnote two below), the following insuring statement results:

> RLI will pay an amount which George Fitts becomes obligated to pay by judgment or by settlement agreement for Billy Fitts' bodily harm due to the November 6, 2009 automobile accident […].
>
> This insurance applies as excess insurance over and above the greater of the $250,000 Limit of Coverage as stated in the Declarations which is required to be provided by Kemper…

(CR 6th Supp. 9-11).

In either the policy's actual language or in the translated language above,

RLI's obligations become clear—RLI would pay for Billy Fitts' bodily harm

---

[3] RLI defined "Injury" to mean bodily injury, which means "bodily harm, sickness or disease (including required care, loss of services, and death) to others." (CR 2d Supp. 69). RLI defined "Occurrence" to mean "an accident, including continuous or repeated exposure to the same general harmful conditions, that results in Bodily Injury or Property Damage." (CR 2d Supp. 69). RLI defined "Basic Policies" to mean the policies included in the Declarations that provided primary liability coverage for the Minimum Limit of Coverage listed. (CR 2d Supp. 69). As the named insured on the RLI policy, George Fitts is "covered by this policy" for the vehicle he owned that was involved in the November 6, 2009 accident. (CR 2d Supp. 67, 70). RLI did not define "legally liable," but Texas courts interpreting similar language in umbrella policies have held that a covered person becomes legally liable to pay an amount "only after an insured's legal responsibility for covered damages has been established by judgment or settlement." *Ohio Cas. Ins. Co. v. Time Warner Entertainment Co., L.P.*, 244 S.W.3d 885, 890 (Tex.App.—Dallas 2008, pet. denied); *see also Mid-Continent Cas. Co. v. Castagna*, 410 S.W.3d 445, 448 fn.1 (Tex.App.—Dallas 2013, no. pet.); *Haygood v. Hawkeye Ins. Services, Inc.*, No. 12-11-00262CV, 2012 WL 1883811 at *2 (Tex.App.—Tyler May 23, 2012, no pet.) (mem.op.) (insured's obligation to pay must be established by judgment after trial or by written settlement agreement).

related to the November 6, 2009 accident *once there is a judgment or settlement agreement*, and RLI would only pay the amount of the judgment or settlement agreement *that exceeds Kemper's $250,000*. (CR 6th Supp. 11). To get to RLI's policy, Appellants needed a Kemper settlement agreement that required George Fitts to pay *more than* $250,000. (CR 6th Supp. 11). Appellants did not have this. (CR 2d Supp. 8-9; CR 6th Supp. 11). Instead, Appellants signed a settlement agreement with Kemper that clearly stated that Appellants were forever discharging any and all claims they had against George Fitts for exactly $250,000. (CR 2d Supp. 8-9; CR 6th Supp. 11).

As a matter of law, the trial court properly interpreted that Appellants' release with Kemper for $250,000, and not one dollar more, prevented the RLI policy from being triggered based on the language in the RLI umbrella policy. *See Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex.1997)(It is well established that the interpretation of an unambiguous contract or insurance policy is a question of law for a court); *see also Texas Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28, 33 (Tex. App.—Texarkana 1991, writ denied). Further, courts routinely determine insurance coverage questions as a matter of law. *J.E.M. v. Fid. & Cas. Co. of New York*, 928 S.W.2d 668, 676 (Tex. App.—Houston [1st Dist.] 1996, no writ) (no further discovery was necessary because the terms of the policy and the pleadings alone defined the insurer's duty to defend). An

unambiguous contract will be enforced as written and parol evidence will not be received. *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008)(*citing Universal C.I.T. Credit Corp. v. Daniel,* 243 S.W.2d 154, 157 (1951)).

Appellants failed to bring forward and challenge on appeal that the Kemper release also barred Appellants' underlying claims based on the unambiguous language of the RLI umbrella policy. *See Brief of Appellants* (no discussion or analysis of the language in RLI's umbrella policy barring Appellants' claims). Appellants' failure to bring forward this issue warrants affirmance of summary judgment for the Tracy Appellees. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d at 473 (the granting of summary judgment will be affirmed on appeal if any of the theories advanced are meritorious).

**REPLY TO ISSUE 1: Summary Judgment was proper because the Kemper Release—which Appellants signed behind their counsel's back and without their knowledge—extinguished Appellants' ability to recover anything from George Fitts' umbrella policy with RLI.**

A release of claims surrenders legal rights or obligations between the parties to an agreement and operates to extinguish the claim or cause of action as effectively as would a prior judgment between the parties. *See Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).

The Tracy Appellees agree with Appellants that a valid release is a complete bar to any later action based on the matters covered by the release. *See Schomburg*

*v. TRW Vehicle Safety Systems, Inc.,* 242 S.W.3d 911, 913 (Tex.App.—Dallas 2008, no pet.)(citing *Deer Creek Ltd. v. N. Am. Mortg. Co.*, 792 S.W.2d 198, 201 (Tex.App.—Dallas 1990, no writ); *see Brief of Appellants,* p. 15. The Tracy Appellees agree that a release applies to a party that is either specifically identified in the release or described with reasonable particularity. *See Schomburg,* 242 S.W.3d at 913 (*citing Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984)*; see Brief of Appellants,* p. 15; *see also Deer Creek Ltd.,* 792 S.W.2d at 201 (a release, valid on its face until set aside, is a complete bar to any later action based on matters covered in the release).

Here, the trial court properly granted the Tracy Appellees summary judgment because the plain language of the Kemper release is absolute and unyielding that, in exchange for $250,000, Appellants forever discharged George Fitts from "all actions, causes of action, claims or demands for damages, costs, loss of use, loss of service, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, and all known and unknown personal injuries and death and property damage resulting or to result from" any other thing whatsoever on account of, or in any way growing out of the November 6, 2009 accident on Highway 79 in Hearne, Texas. (CR 281, CR 2d Supp. 8-9).

Appellants' argument that the Kemper release had to specifically name and release RLI is inaccurate. *See Brief of Appellants*, p. 17-19. The protection in a release applies to the alleged *tortfeasor*. *See Schomburg*, 242 S.W.3d at 914 (a "tortfeasor can claim the protection of a release only if the release refers to him by name or with such descriptive particularity that his identify or his connection with the tortious event is not in doubt.")(*quoting Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984)). Further, a release must only *mention* the claim to be released, but it is not necessary for the parties to anticipate and identify every potential cause of action relating to the subject matter of the release. *See Baty v. Protech Insurance Agency,* 63 S.W.3d 841, 848 (Tex.App.—Houston [14th Dist.] 2002, no. pet.)(*citing Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991); *Keck, Mahin & Cate v. Nat'l Union Fire Co.*, 20 S.W.3d 692, 698 (Tex.2000)).

A valid release may encompass unknown claims and damages that develop in the future. *Keck*, 20 S.W.3d at 698; *see also Schomburg*, 242 S.W.3d at 914, 915 (release of "all claims, actions, demands and causes of action owned or held by [the Schomburgs]…that arise from, result from, or in any way relate to the accident in question that occurred on or about November 17, 2003 in Dallas County" sufficient to release company, *not named in release,* that supplied parts to GM for

the manufacture of the vehicle that was alleged not to be crashworthy in subsequent lawsuits).

Here, Appellants specifically released claims against George Fitts, the alleged tortfeasor. (CR 2d Supp. 8-9). By releasing any and all claims against George Fitts, Appellants were barred from asserting claims against George Fitts' excess insurance carrier. *See Pool v. Durish,* 848 S. W.2d 722, 723 (Tex.App.—Austin 1992, writ denied);[4] *see also Schomburg*, 242 S.W.3d at 914. Appellants were also barred from asserting additional claims for any personal injuries, death and property damage against any other persons or companies since those matters were sufficiently mentioned in the release. (CR 2d Supp. 8-9); *see Schomburg*, 242 S.W.3d at 914, 915.

Appellants admitted to the trial court in paragraph 30 of their summary judgment response that they could not directly sue RLI, but instead their claims were against the insured George Fitts. (CR 224). However, Appellants released all claims that could be asserted against George Fitts. (CR 2d Supp. 8-9). Appellants

---

[4] A party who releases an insured from liability retains no cause of action against the insurer. *Pool,* 848 S. W.2d at 723; *Angus Chemical Co. v. IMC Fertilizer, Inc.,* 939 S.W.2d 138 (Tex. 1997)(affirming summary judgment and holding that plaintiff could not sue insurers for liability for which insured had been released; release precluded prerequisite determination of insured's liability); *Lowe v. Safeco Ins. Co.,* 2003 WL 21731306 (Tex. App.-Dallas 2003, pet. denied) (holding third party cannot sue an insurance company in Texas); *see Morris v. Allstate,* 523 S.W. 299 (Tex. Civ. App.-Texarkana 1975, no writ) (tort claimant has no direct cause of action against the tortfeasors liability carrier unless the tortfeasor is liable to the claimant).

own admission that they could not recover anything from RLI—unless they could sue George Fitts, the same person Appellants released any and all claims against—is dispositive and outcome determinative. (CR 224; CR 2d Supp. 8-9).

Since Appellants were barred from suing George Fitts based on their own release with Kemper, the Tracy Appellees were equally barred and cannot be liable for not doing what Appellants themselves were prohibited from doing. (CR 2d Supp. 8-9; CR 4th Supp. 12-14). The trial court properly granted summary judgment because Appellants cannot establish that the Tracy Appellees caused them any harm by failing to pursue a claim that the Appellants had already released in full. (CR 281; CR 2d Supp. 8-9; CR 4th Supp. 12-14)

### A. *Contrary to Appellants' argument, the unambiguous release of all claims against George Fitts released both of George Fitts' insurers, Kemper and RLI.*

Appellants' argument that a full release of all claims under a primary policy allows additional recovery under an umbrella policy is inaccurate, and the case cited by Appellants, *Barker v. Roelke*, 105 S.W.3d 75 (Tex.App.—Eastland 2003, pet. denied), does not hold as such. *Brief of Appellants*, pp. 17-18. [5]

---

[5]Appellants also argue on appeal, without citing to any authority, that the "execution of separate releases under both the primary automobile policy and the umbrella policy is standard industry practice." *See Brief of Appellants*, p. 18. Appellants argued before the trial court that *Barker v. Roelke* supported this argument. (CR 224). *Barker* does not hold as such.

In *Barker*, the defendant's daughter was killed in an automobile accident. *Barker*, 105 S.W.3d at 70. The defendant settled and executed two written settlement agreements releasing the Roelkes and their insurers from claims arising from an automobile accident—one agreement was with the primary insurer for policy limits of $100,000, and the second agreement was with the excess carrier for $400,000. *Id.* at 80-81. The defendant's ex-wife subsequently settled all of her claims against the Roelkes, their attorneys and their insurers for $5.5 million. *Id.* at 81. The defendant attempted to rescind his settlement agreements, but the trial court enforced the releases and granted summary judgment on all claims. *Id.* at 82. The court of appeals affirmed. *Id.* at 88. There is no language in *Barker* that two releases must be executed. There is also no language or analysis in *Barker* that an excess carrier must execute its own release.[6] Appellants' argument that *Barker* holds as such is without merit. *See Brief of Appellants*, pp. 17-18.

---

[6]As the Tracy Appellants have already presented to this Court, the doctrine of release does not require the party claiming that the plaintiff's claims are barred to have been specifically mentioned in the release. *See, e.g., Schomburg*, 242 S.W.3d at 914, 915 (release of "all claims, actions, demands and causes of action owned or held by [the Schomburgs]…that arise from, result from, or in any way relate to the accident in question that occurred on or about November 17, 2003 in Dallas County" sufficient to release company, *not named in release,* that supplied parts to GM for the manufacture of the vehicle that was alleged not to be crashworthy in subsequent lawsuits). *Barker* also held that State Farm Fire & Casualty Company was released from liability, even though it was not specifically named or identified in the release itself. *See Barker*, 105 S.W.3d at 88.

Appellants also misstate the holding of *Baty v. Protech Insurance Agency*, 63 S.W.3d 841 (Tex.App.—Houston [14th Dist.] 2001, no pet.). *See Brief of Appellants*, pp. 19. In *Baty*, BAI brought suit against two former company officers and those officers' new insurance agency, based on a non-compete and/or non-solicitation agreement between the parties. *Baty,* 63 S.W.3d at 846. The parties settled that first lawsuit, and BAI released claims related to the non-compete and/or non-solicitation agreement between the parties. *Id.* at 849. BAI then filed suit again, asserting tort claims. *Id.* The defendants moved for summary judgment which the trial court granted. *Id.* The court of appeals reversed on the issue of release, finding that BAI's release was *not* broadly drafted but expressly restricted to only release contract claims arising from the prior non-compete and/or non-solicitation agreement between the parties. *Id.* at 849-50.

The *Baty* decision does not apply to this case because—unlike BAI's limited release of claims related to a specific non-compete and non-solicitation agreement—the Kemper release executed by Appellants was a broad form release of any and all claims, whether known or unknown, related to the November 6, 2009 car accident. (CR 2d Supp. 8-9). As *Baty* instructs, courts will not hesitate to find that claims were released in a broad form general release of all claims. *Baty,* 63 S.W.3d at 849.

Similarly, Appellants' unsubstantiated "public policy" argument that a claimant will not be able to settle with a primary carrier *prior to* setting with the excess carrier is without merit. *See Brief of Appellants*, pp. 19-20. Appellants could have chosen not to release "any and all claims" against George Fitts. Appellants could have also chosen to settle above Kemper's $250,000 policy limits to trigger the excess policy. *See American Nat. Fire Ins. Co.*, 2006 WL 3247906 at *3. Instead, Appellants executed a broad general release of any and all claims for exactly $250,000. (CR 2d Supp. 8-9).

Appellants executed the broad, general release of any and all claims behind their counsel's back, in order to avoid paying attorney's fees from the settlement. (CR 2d Supp. 8-9; CR 4th Supp. 31-33, 36-38, 44, 55-58). By signing the Kemper release without the advice of Appellees, Appellants solely caused their own injuries, if any. (CR 4th Supp. 15). Appellants' unsupported argument that this case will change an insurance company's settlement of claims or deserves court interference based on "public policy" arguments is meritless. *See Brief of Appellants*, pp. 19-20.

Appellants waived the remainder of their arguments in this section by failing to include citations to the record or cite to authorities in their brief. *See Brief of Appellants,* pp. 17-20; *see* Tex. R. App. P. 38.1(i); *see In re ADA*, 287 S.W.3d at 390.

**B. Appellants Argument, Raised for the First Time on Appeal, that the Trial Court Should Not have Granted Summary Judgment so Appellants Could Assert Claims against non-party Kemper, is not only Nonsensical but has been Waived.**

For the first time on appeal, Appellants attempt to argue that Appellants could have rescinded the Kemper release on the basis of mutual mistake or fraudulent inducement. *See Brief of Appellants,* pp. 21-27. Appellants failed to raise any of these arguments before the trial court. (CR 216-239). Not only were these claims not raised by Appellants in response to the Tracy Appellees motion for summary judgment, these new allegations against non-party Kemper were not contained in Appellants' petition. (CR 12-17). Appellants attempt to invent new claims against non-party Kemper on appeal are impermissible and have been waived. *See* Tex. R. App. P. 33.1(a).

Appellants' arguments were also waived in this section because their brief fails to include appropriate citations to authorities and to the record to support their contentions. *See* Tex. R. App. P. 38.1(i); *see In re ADA*, 287 S.W.3d at 390.

**C. Contrary to Appellants' Argument, it is Undisputed There Was No Conflict of Interest**

Appellants waived their arguments in this section by failing to include citations to the record or cite to any authorities in their brief. *See Brief of Appellants,* pp. 27-33; *see* Tex. R. App. P. 38.1(i); *see In re ADA*, 287 S.W.3d at 390. Several of Appellants "statements" in their brief regarding the alleged

conflict of interest were not before the trial court and are not contained in the record. *See, e.g., Brief of Appellants,* pp. 28-29; (CR 227-233).

However, even if the Court were to consider Appellants' argument, summary judgment was proper. (CR 281). In their petition, the Appellants complained that the Tracy Appellees had an undisclosed conflict of interest in representing both George Fitts' estate and Appellants in their claims against the Toyota, the automobile manufacturer of George Fitts' Lexus. (CR 14, 16). The Appellants also alleged that the Tracy Appellees breached their fiduciary duties when they informed Appellants that bringing a claim against George Fitts' estate would harm their claim against Toyota. (CR 16). According to Appellants, this conflict injured them because it prevented the Tracy Appellees from pursuing claims against George Fitts. (CR 16).

Tracy Appellees moved for summary judgment as it was undisputed there was no conflict of interest between George Fitts' estate and Appellants. (CR 4th Supp. 17-19). At all times from February 9, 2009, when Appellants hired the Tracy Appellees, until February 2012, the Appellants blamed the car—not George Fitts—for the automobile accident. (CR 18, CR 4th Supp. 34-35, 49-51, 59-60).

Appellant Billy Fitts provided the uncontroverted fact that the car caused the accident in his February 2010 client intake form with the Tracey Appellees. (CR 2d Supp. 140, 151-152; CR 4th Supp. 61). Appellant Billy Fitts verified this

uncontroverted fact in his underlying lawsuit interrogatory responses. (CR 4th Supp. 62). Mr. Fitts also testified under oath and penalty of perjury to this uncontroverted fact in his underlying lawsuit deposition. (CR 4th Supp. 49-51). These were the facts the Tracy Appellees had when they determined that there was no claim against George Fitts and thus, no conflict between their clients. (CR 6th Supp. 14-15).

Limitations ran to sue George Fitts on November 6, 2011, two years after the car accident. *See* Tex. Civ. Prac. & Rem. Code § 16.003. During this time, it is undisputed that Appellants still blamed only the car—not George Fitts—for the accident. (CR 18; CR 4th Supp. 34-35, 49-51, 59-60; 6th Supp. 14). Because the Tracy Appellees proved there was no alleged conflict of interest based on these fundamental, uncontested, uncontroverted facts, the trial court properly granted summary judgment. (CR 281; CR 4th Supp. 17-19; CR 6th Supp. 14-15).

Appellants' case is premised on the theoretical assumption that Appellees should have *known* that Billy Fitts' intake form, verified interrogatories, and sworn testimony were wrong. (CR 6th Supp. 14). According to Appellants' allegations, the lawyers should have *known* that Billy Fitts really did, deep down inside, blame his brother George for the accident and they should have acted accordingly; i.e., investigate George Fitts' liability and counsel them about the conflicts of interest this investigation would create. (CR 6th Supp. 14). From Appellants' perspective,

the lawyers should have *ignored* everything Billy Fitts actually told them, under oath and otherwise, about the cause of the accident and should have pursued a lawsuit against George Fitts. (CR 6th Supp. 14-15).

In Texas, an attorney can only evaluate possible claims and potential conflicts using the information the client provides. *See Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989)(must evaluate lawyer's conduct based on the information the attorney has at the time); Texas Ethics Opinion 624 (if in the early stages of representation a lawyer reasonably believes that there is no significant likelihood of the possibility of a future conflict developing, then there is no Rule 1.06(b)(2) conflict). Appellants have cited no authority for the breathtaking proposition that a lawyer must ignore their client and be clairvoyant. (CR 6th Supp. 15).

Appellants' citation in their brief to the disciplinary rules does not create an independent claim in Texas or in any way dispute all uncontroverted evidence that no conflict of interest existed. *See Judwin Props., Inc. v. Griggs & Harrison, P.C.*, 981 S.W.2d 868, 870 (Tex.App.—Houston [1st Dist.] 1998*, pet. denied per curiam*, 11 S.W.3d 188 (Tex. 2000)(preamble to Texas Disciplinary Rules of Professional Conduct provides that a violation of the disciplinary rules does not create civil liability); *see also Bergthold v. Winstead Sechrest & Minick, P.C.*,

2009 WL 226026, at *5, no. 5 (Tex.App.—Fort Worth 2008, no pet.)("A private cause of does not exist for violation of the disciplinary rules").

Tracy Appellees also moved for summary judgment that the Kemper release created an absolute bar against the Tracy Appellees from bringing future claims against George Fitts, which negated the damage and injury elements of Appellants' legal malpractice and breach of fiduciary claims. (CR 4th Supp.15-19).

By releasing their claims against George and Mary Fitts, Appellants created an absolute bar against the Tracy Appellees from bringing future claims against George Fitts. (CR 2d Supp. 8-9; CR 4th Supp. 13-14). According to the plain language of the Kemper release, Appellants had forever discharged George and Mary Fitts from any further obligation to pay Appellants for *anything* related to the November 6, 2009 accident. (CR 2d Supp. 8-9). Appellants signed the Kemper release, without the knowledge or counsel of the Tracey Appellees, just eight days after the Tracy Appellees had filed an original petition in Harrison County against Toyota for a defect in the car. (CR 2d Supp. 8-9; CR 2d Supp. 168-187; CR 4th Supp. 31-33, 36-38, 44, 55-58).

Whatever recommendations the Tracy Appellees might have proposed as the Underlying Lawsuit developed vis-à-vis George's estate were permanently foreclosed once Appellants signed the Kemper release. (CR 2d Supp. 8-9; CR 4th Supp. 16). Appellants own acts made it impossible for the Tracy Appellees to take

the actions Appellants complain of in this lawsuit. (CR 2d Supp. 8-9; CR 4th Supp. 16).

Moreover, because of the Kemper release, had the Tracy Appellees sued George Fitts, Plaintiffs would have been in *exactly the same position back then that they are in today* – $250,000 in their pocket from Kemper's policy and facing a summary judgment (filed by George's lawyers) arguing release. (CR 2d Supp. 8-9; CR 4th Supp. 16). Thus, Appellants are in no different position today, which is the quintessential definition of a party that has not suffered any harm. (CR 2d Supp. 8-9; CR 4th Supp. 16). As such, the trial court properly granted summary judgment on Appellants' claims. (CR 281).

**REPLY TO ISSUE 2: The Trial Court Properly Granted Summary Judgment because the Kemper Release Negated the Causation Element of Appellants' Legal Malpractice Claim.**

Tracy Appellees moved for summary judgment that the Appellants own conduct in executing the Kemper release was the sole proximate cause of Appellants' alleged claim. (CR 4th Supp. 15-17).

In a legal malpractice case, the plaintiff must prove that the <u>defendant's</u> breach of duty proximately caused the plaintiff's injury and that damages occurred. See *Cosgrove v. Grimes*, 774 S.W.2d 662, 665(Tex.1989). Texas has long recognized that the client's own conduct can be the sole proximate cause and can break any causal link that might otherwise exist. *Peeler v. Hughes & Luce*, 909

S.W.2d 494, 498(Tex. 1995)(client at no time asserted she did not commit the acts which formed the basis of the matters charged, and therefore her acts were the sole proximate cause).

Appellees complain that the Tracy Appellees prevented them from pursuing negligence claims against George Fitts' umbrella insurance policy with RLI. (CR 14-16; CR 4th Supp. 12). The Tracy Appellees had until November 6, 2011 to bring such a claim. (CR 4th Supp. 12); (CR 217)(accident occurred November 6, 2009); *see* Tex. Civ. Prac. & Rem. Code § 16.003 (two year statute of limitations).

However, without asking the Tracy Appellees for legal advice, without informing the Tracy Appellees that they had received a settlement offer from Kemper, and without providing the Tracy Appellees with a copy of the Kemper release, Appellants signed the Kemper release on March 26, 2010. (CR 2d Supp. 8-9; CR 4th Supp. 8-9, 15, 31-33, 36-38, 44, 55-58). By signing that release, *Appellants* own actions barred *Appellants* from pursuing claims against George Fitts and receiving any funds from RLI. (CR 2d Supp. 8-9; CR 4th Supp. 15). Appellants proximately caused the loss complained of in their negligence claim. (CR 2d Supp. 8-9; CR 4th Supp. 16-17)

In support of summary judgment, Tracy Appellees cited the trial court to and *Hamlin v. Gutermuth,* 909 S.W.2d 114 (Tex.Civ.App. [14th Dist.] Houston, 1995).

(CR 4th Supp. 16). [7] In *Hamlin,* the clients negotiated a side letter to a business transaction. *Hamlin*, 909 S.W.2d at 115. The lawyer did not participate in, or know of the existence of the negotiations, of the side letter or know of its preparation. *Id.* The clients did not even apprise the lawyer of the side letters existence, although the side letter and other papers were delivered to the lawyer for his safe keeping. *Id.* In affirming summary judgment on causation in favor of the lawyer defendant, the Court pointed out that the clients did not consult with the lawyer Defendants concerning the side letter. *Id.* at 116-17. The court found there was no evidence that the client's injuries were caused by the lawyers' actions or failure to act. *Id.* at 117. Instead, the court found there was no causal relationship between the damages sued for, the actions of the lawyers and the alleged injury suffered by the client. *Id.*

Here, as in *Hamlin*, Appellants did not disclose their efforts to obtain a settlement with Kemper and RLI that had been going on for months at the time of

---

[7] The Tracy Appellees also cited the court to *Rodgers v. Weatherspoon*, 141 S.W.3d 342 (Tex.App.—Dallas 2004). (CR 4th Supp. 15). In *Rodgers*, a represented party filed *pro se* motions and personally visited the court. *Rodgers*, 141 S.W.3d at 343. During one of his visits to the court, the plaintiff was arrested because the trial judge determined that his bail was not sufficient. *Id.* The plaintiff claimed that the court clerk told him that if his attorney would come to the court, the plaintiff would be released to his attorney and would not have to go to jail. *Id.* After spending six days in jail, the client sued his lawyer for malpractice. *Id.* at 343-44. Summary judgment was affirmed for the lawyer because it was the trial judge's decision to hold the client's bond insufficient that caused the alleged injury, not the lawyer's conduct. *Id.* at 346.

the retention of the Tracy Appellees. (CR 2d Supp. 140-153; CR 4th Supp. 7, 61). Appellants did not disclose the offer of settlement from Kemper at the time it was made forty-five days after the signing of the fee agreement and after a lawsuit had been filed against Toyota in Harrison County. (CR 2d Supp. 8-9, 140-153; 168-187; CR 4th Supp. 7-10, 31-33, 36-38, 44, 55-58, 61).

Instead, by signing the release behind the backs of the Tracy Appellees, Appellants settled and released not only the claim that could be asserted against George Fitts, but also the claim that could be asserted through George Fitts with RLI. (CR 2d Supp. 8-9). Instead of consulting with the lawyer Appellees, Appellants sought to hide the settlement from the lawyers for another six months before finally admitting that they had settled with Kemper. (CR 4th Supp. 8-10, 31-33, 36-38, 44, 55-58). The Appellants deprived the Appellees of the ability to advise them regarding Kemper's release and the effect the release would have on their lawsuit. (CR 4th Supp. 8-10, 31-33, 36-38, 44, 55-58). It is clear that they hid their negotiations with Kemper and the release in order to beat the Appellees out of their fee. (CR 2d Supp. 202-203; CR 4th Supp. 10).

In their brief, Appellants cite to *Brown v. Holman*, 335 S.W.3d 792 (Tex.App.—Amarillo 2011, no pet.) for the proposition that sole cause is an inferential rebuttal defense, and the defense must do more than simply raise an

alternative theory of causation but instead conclusively disprove the plaintiff's allegations. *Brief of Appellants,* p. 34.

*Brown* actually supports the trial court's summary judgment for the Tracy Appellees. In *Brown*, an employer instructed his employee, Brown, to clean out a storage building surrounded by a three-rail fence made of two-inch pipes. *Brown*, 335 S.W.3d at 794. The employer instructed employee Brown to park his pickup truck behind the fence. *Id.* Brown was injured while attempting to climb the fence while holding a sixty-pound clay mold. *Id.* Summary judgment was affirmed for the employer—finding Brown was the sole proximate cause of his own injuries— because Brown alone chose to scale the fence while carrying the clay mold, the injury would not have occurred but for Brown's decision, and a person of ordinary prudence would have anticipated the danger of slipping while scaling the pipe fence with a heavy object. *Id.* at 796-97.

Here, just as in *Brown*, Appellants were the sole proximate cause of their own injuries. Appellants signed a release of any and all claims against George Fitts without the advice or knowledge of the Tracy Appellees. (CR 2d Supp. 8-9; CR 4th Supp. 8-9, 31-33, 36-38, 44, 55-58). The release that Appellants signed released any and all future claims against George Fitts. (CR 2d Supp. 8-9). Appellants have admitted that Appellants' only access to RLI's excess policy was by suing the insured, George Fitts—the same person Appellants released all future

claims against. (CR 224). Appellants chose to sign the release on their own, behind their counsel's back. (CR 4th Supp. 8-9, 17, 31-33, 36-38, 44, 55-58). Appellants' alleged injury would not have occurred but for Appellants' decision to release George Fitts of any future liability. (CR 4th Supp. 17). The trial court correctly decided that a person of ordinary prudence would not have behaved as Appellants. (CR 281). The trial court correctly decided that a person of ordinary prudence would have anticipated the danger of signing a release of any and all claims against George Fitts—based on the plain language of the release executed by Appellants. (CR 281; CR 2d Supp. 8-9). The trial court correctly decided that the release Appellants signed, behind their counsel's back and without the advice of counsel, was the sole proximate cause of Appellants alleged injuries. (CR 4th Supp. 17). The trial court properly dismissed Appellants' claims against the Tracy Appellees. (CR 281).

In their brief, Appellants also cite to *Kuemmel v. Vradenburg,* 239 S.W.2d 869 (Tex. 1951) for the proposition that a person owing a duty must have had no opportunity to resolve the alleged actions to be the sole proximate cause. *Brief of Appellants,* p. 34. *Kuemmel* does <u>not</u> state or hold as such. *Kuemmel* does not apply to this case because the Tracy Appellees are not attempting to impute the

Appellants' actions to another.[8]    To be clear, the Appellants own actions in signing the Kemper release are the sole proximate cause of Appellants alleged injuries. (CR 2d Supp. 15-17).

Furthermore, this Court should affirm summary judgment because Appellants waived their arguments in this section by failing to include citations to the record or cite to any authorities in their brief.[9] *See Brief of Appellants,* pp. 33-36; *see* Tex. R. App. P. 38.1(i); *see In re ADA*, 287 S.W.3d at 390. Several of Appellants "statements" in their brief regarding the alleged "facts" are not contained in the record. *See, e.g., Brief of Appellants,* p. 35.

---

[8] In *Kuemmel,* a three year old boy was injured at a hot-rod event when a racing car left the track, crashed through a protective barrier, and struck the child. *Kuemmel*, 239 S.W.2d at 870. The jury found that the defendant was negligent because the barrier fence was not reasonably strong enough and did not conform with barriers customarily used at hot-rod races. *Id.* at 871. On appeal, the defendant urged that the parents' negligence was the sole proximate cause of the child's injury. *Id.* at 873. The Texas Supreme Court rejected the defendant's argument because the law forbade imputing a parent's negligence to a child. *Id.* The Supreme Court held that even if the parents were negligent by positioning the child next to the barrier, the parents' negligence could not be imputed to the child to find that the child was the sole proximate cause of his own injuries. *Id.* at 873-74.

[9] Appellants argued before the trial court that the sole-proximate cause in legal malpractice claims had only been applied in the context of underlying criminal matters. (CR 226). Appellants waived this argument by failing to include it in their brief. *See* Tex. R. App. P. 38.1(i). Tracy Appellees also disproved this argument by citing to *Hamlin v. Gutermuth,* 909 S.W.2d 114 (Tex.Civ.App. [14th Dist.] Houston, 1995) in their motion for summary judgment. (CR 198).

**REPLY TO ISSUES 3 & 4: The Trial Court Properly Granted Summary Judgment because the Kemper Release Negated the Damages/Injury Elements of Appellants' Legal Malpractice and Breach of Fiduciary Duty Claims**

Appellants waived their arguments in this section by failing to include citations to the record or cite to any authorities in their brief. *See Brief of Appellants,* pp. 33-36; *see* Tex. R. App. P. 38.1(i); *see In re ADA*, 287 S.W.3d at 390. However, even if the Court were to consider Appellants' arguments, summary judgment was properly granted.[10]

Appellants asserted that the Tracy Appellees' alleged legal malpractice and breach of fiduciary duty injured Appellants because they could not recover against RLI's umbrella policy. (CR 15-16). When the claim is that lawyers improperly represented plaintiffs in another case, the plaintiffs must prove and obtain findings as to the amount of damages that would have been recoverable and collectible in the other case had been properly prosecuted. (CR 4th Supp. 17); *see Cosgrove v. Grimes*, 774 S.W.2d 662, 666 (Tex. 1989).

The Tracy Appellees moved for summary judgment because it was undisputed that Appellants own release of all claims against George Fitts proved that Appellants could not have recovered or collected anything from RLI in the

---

[10] Tracy Appellees moved for summary judgment on the damages element of Appellants' legal malpractice claim and breach of fiduciary duty claim in one section of their motion. (CR 4th Supp. 17-19). Tracy Appellees respond to Appellants issues numbered 3 and 4 together, to refrain from duplicating arguments and authorities to Appellants' issues 3 & 4.

underlying lawsuit. (CR 4th Supp. 18). The release of any and all claims against George Fitts released the potential to recover anything from RLI. (CR 2d Supp. 8-9; CR 4th Supp. 17-19) Appellants even admitted this to the trial court in paragraph 30 of their summary judgment response. (CR 224).

By releasing their claims against George and Mary Fitts, Appellants created an absolute bar against the Tracy Appellees from bringing future claims against George Fitts. (CR 4th Supp. 17-19). According to the plain language of the Kemper release, Appellants had forever discharged George and Mary Fitts from any further obligation to pay Appellants for *anything* related to the November 6, 2009 accident. (CR 2d Supp. 8-9). Appellants signed the Kemper release, without the knowledge or counsel of the Tracey Appellees, just eight days after the Tracy Appellees had filed an original petition in Harrison County against Toyota for a defect in the car. (CR 4th Supp. 19, 31-33, 36-38, 44, 55-58).

Whatever recommendations the Tracy Appellees might have proposed as the Underlying Lawsuit developed vis-à-vis George's estate were permanently foreclosed once Appellants signed the Kemper release. (CR 4th Supp. 19). Appellants own acts made it impossible for the Tracy Appellees to take the actions Appellants complain of in this lawsuit. (CR 4th Supp. 19).

Moreover, because of the Kemper release, had the Tracy Appellees sued George Fitts, Plaintiffs would have been in *exactly the same position back then*

*that they are in today* – $250,000 in their pocket from Kemper's policy and facing a summary judgment (filed by George's lawyers) arguing release. (CR 4th Supp. 19). Thus, Appellants are in no different position today, which is the quintessential definition of a party that has not suffered any harm. (CR 4th Supp. 19). As such, the trial court properly granted summary judgment and dismissed all of Appellants' claims with prejudice. (CR 281).

## PRAYER

For all of the above cited reasons, the Appellants have failed to present a basis to set aside the trial court's summary judgment. The trial court properly granted E. Todd Tracy and The Tracy Firm's traditional motion for summary judgment, and the order dismissing all of Appellants' claims with prejudice should be affirmed. Likewise, Appellants have waived any issues on appeal by failing to comply with their briefing requirements before this Court and failing to challenge a ground upon which the trial court granted summary judgment.

For the reasons stated in this brief, Appellees E. Todd Tracy and The Tracy Firm ask the Court to:

(i) dismiss this appeal for Appellants' failure to comply with their briefing requirements;

(ii) dismiss this appeal for Appellants' failure to challenge a ground upon which the trial court granted summary judgment; and

(iii)   affirm the trial court's December 1, 2014 order granting E. Todd Tracy and The Tracy Firm's Traditional Motion for Summary Judgment – Release and dismissing all of Appellants' claims with prejudice.

Respectfully Submitted,

/s/ Bruce A. Campbell
/s/ Lindsay McNutt
BRUCE A. CAMPBELL
TEXAS BAR NO. 03694500
LINDSAY MCNUTT
TEXAS BAR NO. 24058823
CAMPBELL & ASSOCIATES LAW FIRM, P.C.
4201 Spring Valley Rd., Suite 1250
Dallas, Texas  75244
Telephone: (972) 277-8585
Facsimile: (972) 277-8586
Email: bcampell@cllegal.com
Email: lmcnutt@cllegal.com

**ATTORNEYS FOR APPELLEES**
**E. TODD TRACY and THE TRACY FIRM**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), the enclosed brief of the Tracy Appellees uses a size 14-point font and contains approximately 9,081 words, which is less than the total words of 15,000 permitted by the rule. Counsel relies on the word count of the computer program used to prepare this brief.

_/s/ Lindsay McNutt_____
On Behalf of Campbell &Associates Law Firm, P.C.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was served pursuant to the Texas Rules of Civil Procedure on August 7, 2015, as follows:

Lindsey Rames
RAMES LAW FIRM
Attorney for Plaintiffs
5661 Mariner Drive
Dallas, Texas 75237
*Attorneys for Appellants*

☐ Certified mail, return receipt requested
☐ Personal delivery / Hand Delivery
☐ Private delivery / FedEx
☐ Facsimile transfer
☐ First Class Mail
☒ E-filing

Carter Hampton
Hampton & Associates
Attorney for Plaintiffs
1000 Houston Street
Fort Worth, Texas 76102
*Attorneys for Appellants*

☐ Certified mail, return receipt requested
☐ Personal delivery / Hand Delivery
☐ Private delivery / FedEx
☐ Facsimile transfer
☐ First Class Mail
☒ E-filing

Wade Crosnoe
Shawn Phelan
THOMPSON COE
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
*Attorneys for Smith Appellees*

☐ Certified mail, return receipt requested
☐ Personal delivery / Hand Delivery
☐ Private delivery / FedEx
☐ Facsimile transfer
☐ First Class Mail
☒ E-filing

_/s/ Lindsay McNutt_____
On Behalf of Campbell &Associates Law
Firm, P.C.